CALDWELL and BENNETT v. MAY.

HARVARD LAW SCHOOL LIBRARY

1. When the defendant pleads to an amended declaration, he thereby
acquiesces in the order of amendment, and waives all right to revise
the decision of the Court on the former declaration, or on his pleas
thereto.
2. To an action on a note, a plea setting up a parol understanding at
the time of contracting, and not embraced in the note given, is bad.
3. To an action against two on a joint contract, if both appear and
plead jointly in one plea, one of the defendants cannot plead sepa-
rately in another plea, a matter not personal, and which is equally
available to both.

THE points shewn by the record on which the decision
of this cause turned, appear in the opinion of the Court.

## By JUDGE TAYLOR.

This is an action of debt which was instituted on a promissory note executed by the defendants below, to Marianna Norwood, adminstratrix of Washington Norwood. Marianna having died, administration *de bonis non* was granted to James May, the plaintiff below. The plaintiff first declared on the note as a sealed instrument, at February term, 1824, of the Circuit Court of Greene county. At the same term, the defendants below craved oyer of the instrument declared on, and demurred specially, setting out as cause of demurrer, that "the declaration purports to be founded on a deed, when the one read on oyer is not a deed." They also filed a second demurrer, and assigned as cause, that "there was no averment of delivery of the instrument sued on." They at the same term filed two pleas. The plaintiff joined in demurrer, and replied to the pleas. Then follows in the record an order to this effect, to wit: "the defendant's pleas and demurrers being argued, it is considered by the Court that they be overruled, and that this cause stand continued until the next term of this Court, with leave to the plaintiff to amend his declaration."

The plaintiff at the same term filed his amended declaration, declaring on a promissory note. To the amended declaration, the defendants pleaded, that at the time of, and before executing the note, which was given for the hire of a negro, it was agreed between the payee and payors of the note, "that inasmuch as the negro was sickly, for the hire of whom the note was given, the defendants should deal tenderly with the said negro; and that the value of the time which should be lost by said negro from labor, on account of sickness, should be deducted from the said promissory note." The plea then contains an averment that the negro was taken sick, and continued sick so long that only twenty-five dollars remained due on the note, and that the twenty-five dollars were tendered, &c.

There is a second plea by William Caldwell, one of the defendants, setting out that he had hired the negro, and stating an agreement between him and the payee, and averments similar to those in the first plea, except that the agreement for an allowance on account of the sickness of the negro is stated as having been entered into two months after the note was executed, and as having

taken place between him and the payee, his co-defendant's name not being mentioned in the plea, and there is no averment of a tender of the twenty-five dollars acknowledged to be due.

The plaintiff treats the averment of tender as a distinct plea, and claims judgement for the sum of twenty-five dollars, which the said defendants have not answered in their said first plea by them jointly above pleaded, and for all the debt in the said declaration mentioned, except the sum of twenty-five dollars, which the said defendants in their said second plea by them jointly pleaded, have wholly failed to answer; and the said plaintiff also claimed judgement for the sum of twenty-five dollars, by *nil-dicit* on the said plea of the said Caldwell alone above pleaded. The plaintiff then demurs to each of the pleas.

The Court below sustained the plaintiff's demurrers and rendered judgement in his favor. It is to reverse this judgement that the case is brought here by writ of error.

There are several assignments of error, the most of which relate to the proceedings which were had before the amended declaration was filed. It is the opinion of the Court that the assignments which would bring those proceedings in review before us cannot be considered; that if the defendants intended to insist on any of them as erroneous, they should not have pleaded to the amended declaration; that by doing this they have lost the opportunity of revising any of the previous proceedings.

It has been uniformally decided by this Court, that if a demurrer be overruled, and the party who filed it obtains leave to withdraw it and plead, he cannot afterwards have the judgement on the demurrer revised in this Court. This was first determined in the case of Mullens against Cabbiness. [a] By pleading to the amended declaration the defendants acquiesced in the order permitting that amendment.

[a] Minor's Ala. R. 21.

The seventh assignment of error then, is the only one necessary to consider. It is, that "the Court below erred in giving final judgement on, and in favor of the demurrer of the plaintiff below, to the pleas of the defendants to the amended declaration."

The circumstance of the plaintiff considering the averment of tender in the first plea, as an entire plea, and claiming judgement for so much of the debt as was not answered by that averment, must be considered as sur-

plusage, and can have no effect on the decision of the case. It is evident that he did fall into that mistake, as he speaks of the first and second pleas of the defendants, and immediately after of the separate plea of Caldwell.

The first plea attempts to set up a parol agreement or understanding between the parties to the note, entered into at the time the note was executed, essentially varying from the note itself. To admit the proof of this, would be contrary to that safe rule of law, which forbids any verbal agreement differing from a written one, and entered into before or at the time the written agreement was executed, from being given in evidence to the jury. The writing is a safe depository of the contract, not liable to fluctuate and change, as is the memory of man. It is easy for parties to put the whole of their agreement into the written contract, and it is to be understood they do so. Were this rule relaxed, the mischiefs which would be produced, and the great inducements to perjury, and subordination of perjury which would be held out, are obvious. The Circuit Court was therefore right in sustaining the demurrer to this plea.

The several plea of Caldwell was equally defective. This is a plea by one of the defendants of a matter which was equally a defence to both, filed after both had appeared and pleaded jointly. Although there are many instances in which different defendants may plead severally in actions on contracts, yet they can only do so, when the matter so pleaded applies peculiarly to one of them. One may plead in abatement, another in bar, one may plead infancy, &c. but when the matter pleaded goes to the discharge of all, all must join in the plea if all do plead. [a] The demurrer then was properly sustained to this plea also.

*a* See 6 Mass. R. 444. 6 Com. Dig. last Am. Ed. p. 139.

Judgement affirmed.

JUDGE CRENSHAW not sitting.

BARTON and PICKENS, for the plaintiffs.

SHORTRIDGE, for defendant.