CHARLES VANCLEVE v. REUBEN GROVES and others.

A judgment at common law is not a lien upon a mere equitable interest, nor is such interest the subject of a levy and sale by virtue of an execution.

BILL for specific performance. The bill states that the complainant, having recovered a judgment in the supreme court of this state, against Reuben Groves, caused execution to be issued thereon, to the sheriff of the county of Mercer, by virtue whereof the sheriff levied, among other things, upon all the right, title and interest of the said Groves, in a house and lot of land in the city of Trenton. That the said premises having been duly advertised for sale, were sold by the said sheriff at public vendue, and struck off to the complainant, he being the highest bidder; and that the said sheriff, on the fourteenth day of November, eighteen hundred and thirty-nine, in pursuance of the said sale, executed and delivered to the complainant a deed for the said premises.

That previous to the entry of the said judgment, the said Groves had entered into a written contract with Elisha Gordon for the purchase of the said lot of land, by the terms of which Grover was to pay one hundred and fifty dollars for the said lot, with interest from the time possession was given; and that the deed was to be delivered when fifty dollars of the purchase money should be paid. That in pursuance of the agreement Groves took possession of the lot, and erected a dwelling thereon, with Gordon's assent, at a cost of several hundred dollars, and that he occupied the premises, and resided in the house at the time of the levy thereon, by virtue of the complainant's execu-

[Vancleve v. Groves et al.]

tion. That after the levy, and before the sheriff's sale, Gordon agreed with the complainant, in case he became the purchaser of Groves' interest in the said premises at the sheriff's sale, that he, Gordon, would make to the complainant a deed for the said lot, upon the payment of the purchase money agreed to be paid by Groves, with interest thereon. That relying upon the performance of the said contract by Gordon, the complainant became the purchaser at the sheriff's sale, of all the right and interest of Groves in the said lot. That subsequently to the sale, he applied to Gordon for a deed, in compliance with his agreement, which he refused to execute, alleging that he had made a deed to Charles G. Green and Joseph G. Brearley.

The bill further charges, that after the sheriff's sale, a deed was made by Gordon to Green and Brearley; that the said Green and Brearley were present at the sheriff's sale, and bid for the lot, and that they took the deed from Gordon, well knowing that the premises had been purchased by the complainant. States that Gordon died after the execution of the deed, having duly made and published his last will and testament, appointing executors, who are made defendants in the suit.

The prayer of the bill is, that the deed from Gordon to Green and Brearley may be set aside, and declared fradulent and void as against the complainant, and that the executors of Gordon may be decreed specifically to perform his agreement with the complainant; or if the deed from Gordon should be deemed valid, then that his grantee should be decreed to convey the premises to the complainant, upon the payment of one hundred and sixty-five dollars, the consideration mentioned in the said deed, with interest.

A decree *pro confesso* was taken against all the defendants except Green and Brearley. They answered the complainant's bill. The answer admits the purchase of the lot by Groves of Gordon, under the agreement set forth in the bill of complaint, the erection of a house thereon by Groves, the complainant's judgment, sheriff's sale and conveyance to the complainant, as set forth in the bill. States that Groves was indebted to the

[Vancleve v. Groves et al.]

mercantile firms of which the defendants were respectively partners, for materials used in the erection of said house, prior to the recovery of the complainant's judgment. That under the act, entitled "An act securing to mechanics and others payment for their labor and materials in erecting any house or other building within the limits therein mentioned," the claims were filed in the clerk's office of the county of Mercer, and became respectively liens upon the said dwelling and lot of land prior to the complainant's judgments, and that judgments were subsequently recovered thereon for four hundred and ninety-one dollars and sixty-five cents. That while the said suits were pending, the defendants entered into a negotiation with Groves for the purchase of the said house and lot, and Groves thereupon agreed that Gordon should convey the lot to these defendants, upon their paying the whole of the purchase money agreed to be paid by him to Gordon, together with all liens upon the said building for work and materials. That in pursuance of the agreement, these defendants paid Gordon for the lot, and also paid and satisfied all the liens upon the said building, amounting in the whole, to seven hundred and twenty dollars, which was the full value of the said premises; and thereupon Gordon, by the written direction of Groves, conveyed the said lot in fee to these defendants, by deed dated the fourteenth of October, eighteen hundred and thirty-nine.

The answer states that the purchase was made and the title taken by them for the said premises, in good faith, for the purpose of securing their respective claims, and denies all fraud, &c.

The cause having been put at issue, and testimony taken, came on for final hearing at April term, eighteen hundred and forty three.

A question was made at the hearing, as to the validity of the liens set up by the defendants in their answer, but the cause was decided upon the validity and effect of the sheriff's deed to the complainant.

[Vancleve v. Groves et al.]

*Halsted*, for complainant, insisted, that though Groves had no legal title to the premises, the fee remaining in Gordon at the time of the levy and sale, yet that he had an equity by virtue of his contract for the purchase, and being in possession, his equity might be levied upon, and would pass by the sheriff's deed. A naked possession may be sold by the sheriff. *Den* v. *Winans*, 2 *Green*, 1 ; *Jackson* v. *Scott*, 18 *J. R.* 98 ; *Jackson* v. *Graham*, 3 *Caines*, 188; *Jackson* v. *Parker*, 9 *Cowen*, 73 ; *Jackson* v. *Tuttle*, 9 *Cowen*, 233 ; *Disborough* v. *Outcalt*, *Saxton*, 298 ; *Den* v. *Steelman*, 5 *Hals.* 193 ; 4 *Am. Law Reg.*, 1225.

The defendants can take under the deed from Gordon, subject only to the complainant's equity. They admit notice ; they are not *bona fide* purchasers, having paid no money. *Saxton*, 73.

*H. W. Green*, for the defendants, cited, *Bogart* v. *Perry*, 1 *John. Chan.* 52; *same case on appeal*, 17 *John.* 351; 1 *Newland's Prac.* 267 ; *Burdon* v. *Kennedy*, 3 *Atkyns*, 739 ; *Scott* v. *Scholey*, 8 *East.* 467 ; *Metcalf* v. *Scholey*, 5 *Bos. and Pul.* 461.

THE CHANCELLOR. At the time of the complainant's judgment at law, and of the sheriff's levy and sale, by virtue of the execution issued thereon, Groves, the defendant, had an equitable interest in the premises, by virtue of his contract with Gordon. He had no legal title. A mere equitable interest, though accompanied with possession, is not the subject of a levy and sale, by virtue of an execution at common law. The complainant acquired no lien upon Groves' equitable interest, by virtue of his judgments, and no title to the premises by virtue of the sheriff's deed. The bill must, therefore, be dismissed, with costs.

Decree accordingly.