## DEN EX DEM. CAIRNS ET AL. v. HAY.

1. An error or variance in the name of an individual or a corporation party to a deed will not vitiate the deed if the identity of the party appear in the pleadings or proofs; but a deed made by mistake to a party well named, will not be construed in a *court of law* to enure to the party *intended,* even if such intention may be fairly inferred from the face of the deed.

2. Corporation "The Associate Presbyterian Congregation of Newark;" deed of conveyance to "S. C., J. C., and J. M., trustees of the associate Presbyterian Congregation of Newark:" *Held,* that by virtue of this deed, the title of the premises in question was vested in the trustees individually, and not in the corporation.

This was an ejectment by Samuel Cairns, Jacob Cairns, and John Moore, to recover possession of a lot of land in the city of Newark in the possession of James B. Hay. At the trial, the plaintiff read in evidence a deed of conveyance for the premises in question, from one Alexander Christie and wife, to "Samuel Cairns, Jacob Cairns, and John Moore, *Trustees of the Associate Presbyterian Congregation of Newark,*" recited to be the parties thereto, dated 11th June, 1833, in consideration of the sum of $116, also recited to have been paid by the said party of the second part, to the said party of the first part : " to have and to hold," &c. " unto the said party of the second part *their successors and assigns* forever." The deed further contained a covenant of title by the grantor " to and with the said party of the second part *their successors and assigns,*" &c. The plaintiff proved possession by the persons through whom he claimed title, and then rested.

The defendant claimed title through and under "The Associate Presbyterian Congregation of Newark," a corporation created under the general law for the incorporation of religious societies. He offered and read in evidence a judgment recovered in the Circuit Court of the county of Essex, on 25th June, 1840, against said corporation, for the sum of $144. Also, the record of a second judgment in the same court, against the same corporation, on 29th June, 1840, for the sum of $158.85. Also, executions issued upon said judgments to the Sheriff of said county, and levies and returns thereto. Also, a deed of conveyance by the said Sheriff to the defendant of the premises in question, whereby it appeared that he had duly advertised and sold said premises by virtue of said executions. Also, a certified copy of the record of incorporation of "The Associate Presbyterian Congregation of Newark," dated the 31st May, 1833, whereby the said Samuel Cairns, Jacob Cairns, and John Moore, as trustees of the society meeting under that name, certified that they had assumed and taken upon themselves the aforesaid name of "The Associate Presbyterian Congregation of Newark." The said certificates were duly recorded on the same 31st May, 1833.

The defendant here rested, and insisted, on his part, that the title to the premises in question, by virtue of the said deed to the lessors of the plaintiff, as trustees of the Associate Presbyterian Congregation of Newark, became vested in the said corporation, under which the defendant had thus deduced his title. But the judge charged the jury to the contrary, that the title became vested in the lessors of the plaintiff; that the defendant acquired no title by the said deed from the said Sheriff, and directed the jury to find a verdict for the plaintiff.

A motion was made by the defendant to set aside the verdict and to grant a new trial.

Argued before Justices WHITEHEAD, CARPENTER, and RANDOLPH.

*Hubbell*, and *A. Whitehead*, argued that upon the case it was evident, that the intention was to convey to the corporation, and

not to the trustees as individuals. That the deed was made shortly after the act of incorporation. That the words *successors and assigns forever*, are used, and not *heirs*, and that by any other construction, there are no words of perpetuity for want of the word *heirs*. That if to the trustees as individuals, to them under our statute as tenants in common, and that on the death of one his share would revert. No trust appears, for trust not raised by mere description of parties. Almost every intendment will be made to avoid an absurd construction. Misnomer of Corporation does not vitiate grant if intent apparent. They cited *Broom's Leg. Max.* 238 (*Law Lib. Ed*); *Shep. Touch.* 176; 2 *B. C.* 107; 6 *Vin. Abr.* 275 " *Corporations* " *G.* 6; *Master, &c. of Sydney College* v. *Davenport*, 1 *Wils.* 184; *African So.* v. *Varick*, 13 *John.* 38; *Jackson* v. *Topping*, 1 *Wend.* 388; *Ang. & Ames on Corp.* 122; *Ib.* 169; 10 *Co.* 123; *Medway Cotton Man.* v. *Adams*, 10 *Mass.* 360; *Berks & Dauphin T. Road* v. *Myers*, 6 *Serg. & R.* 12; *Middletown* v. *McCormick*, 2 *Pen.* 500; *Upper Alloways Creek* v. *String*, 5 *Halst.* 323, and other cases.

*W. Pennington* for plaintiff, contra.

The principles urged may be admitted, and yet the plaintiff claim the judgment. The intent to govern must be gathered from the words of the instrument. The deed cannot be reformed in a court of law, where the legal title must prevail. Misnomer undoubtedly will not vitiate grant to corporation, but no room here to guess at intention. Plain case of conveyance to individuals, but in trust, *as* trustees of the corporation. No evidence of misnomer, and court has no right to strike out names, in the mere construction of the instrument. Cited 4 *Wash. C. C. R.* 42; 2 *John.* 84; *Ib.* 221; 7 *T. R.* 49; 8 *Ib.*; 3 *John.* 422; 9 *Cow.* 86, and other cases.

CARPENTER, J. (with whom WHITEHEAD J. concurred) delivered the following opinion:

It has long been well settled, as well in regard to the contracts of a corporation as of individuals, that a variance or mis-

take of the name is not fatal, provided there is a sufficient description of the parties; and that even in grants and conveyances, it is sufficient, if the name be expressed in sense and substance, although not in the precise words. So it has been held, that in the case of misnomer of a corporation, the grant or obligation is not thereby defeated or destroyed, if its identity with that intended by the parties to the instrument be averred in pleading, and made apparent in proof. *Alloways Creek* v. *Siring*, 5 *Halst.* 323; *Woolwich* v. *Forrest*, 1 *Pen.* 115; *Middleton* v. *McCormick*, 2 *Ib.* 500. In ejectment, as the nature of the pleadings and the character of the issue do not admit of such averments, the mistake, so far as is otherwise legal to be shewn, may be proved in evidence, and a recovery may be had on a grant to a corporation, notwithstanding any misnomer, if the true intention of the parties be clearly made to appear. In this case it does not appear that any such evidence was offered at the trial. The defendant insists that on the face of the instrument it sufficiently appears that the conveyance was made to the corporation, and not to the trustees in their individual capacity. The deed is to the lessors of the plaintiff, by name described as trustees of " The Associate Presbyterian Congregation of Newark," to have and to hold to them " their successors and assigns forever."

The designation, as Trustees of the Congregation, is a mere *descriptio personarum;* but the stress of the argument in behalf of the defendant was upon the intent supposed to be shown by the use of the words " their *successors* and assigns," words appropriate to the construction sought to be established. But no case cited, as to effect of intention, will go to this extent. We are not warranted by such inference to disregard and reject the plain and explicit language of the instrument. Whatever may be the effect, whether it be a mere estate for life, for want of words of perpetuity or otherwise, the deed is in so many words a conveyance to the lessors of the plaintiff, and we are of opinion that the ruling of the justice at the Circuit was right.

RANDOLPH, J. It is a general rule of construction of deeds and other contracts, that the intention of the parties is to pre-

vail wherever that can be satisfactorily ascertained and carried
into effect without violating any principle of law. 3 *Blk. Com.*
107 ; *Broom's Max.* 238 ; 4 *Am. Com. Law* 251. And in order
to effect the object of the parties where a corporation is con-
cerned, the courts have been ve:.' liberal in correcting inaccura-
cies and misnomers, not suffering them to frustrate the object, if
the identity of the party is manifest. *Angell & Ames on Corp.*
55, 123. *Inhabitants of Upper Alloways Creek, &c.* v. *String,*
5 *Halst.* 323, where Ch. J. Ewing adverts very justly to the ca-
ses on the subject. In the *African Society* v. *Varick,* 13 *John.*
38, the court say when a deed is made to a corporation, by a
name varying from the true name, the plaintiffs may sue in their
true name, and aver that defendant made the deed to them by
that name. There to the name of the corporation was prefixed
the words, " The standing committee of," and with the aver-
ment the court gave effect to the instrument, and there are nu-
merous cases where some part of the name of the corporation
has been omitted without destroying the bond.

But these cases all differ from the present in this, they arise
from some error in setting forth the corporate name, and usually
in an obligation, or other instrument for the payment of money,
where the error can be easily obviated by pleading. But the
present case is not a mere inaccuracy in setting out the name of
the corporation, or prefixing thereto the word " committee," or
" managers," or other term, which standing by itself would be
a nullity, but it arises on a deed made not to the corporation,
but to the lessors of the plaintiff by name, trustees of the cor-
poration, and although it is pretty clear from the inspection of
the deed itself, and particularly from the use therein of the
word successors, in connection with the names of the grantees,
that the object was to convey the premises to the corporation,
and not to the trustees; yet we cannot give effect to that inten-
tion without striking out the names of the grantees, which we
have no right to do. By the act authorizing religious societies
to become incorporated, *Rev. L.* 475, § 3, the trustees and their
successors can only acquire and hold lands, &c. in the " name
of the corporation." Of course the corporation cannot have
acquired and held the premises in question in the names of the

trustees, or other name than its own corporate name. A court of equity would no doubt construe the property to be held in trust for the religious society; but an equitable interest cannot be sold by an execution out of a court of law. The rule, therefore, to set aside the verdict which was for the plaintiff, must be discharged—with costs.

Rule discharged.

Cited *in Brown ads. Combs*, 5 *Dutch.* 38.