# COURT OF ERRORS AND APPEALS.

JANUARY TERM, 1851.

8    729
47   221

SETH H. WOODRUFF, appellant, and THOMAS V. JOHNSON *et al.*, respondents.

The *cestui que trust* of land, the trust being for his own benefit, cannot invest his individual property by building on the land, and thus create a trust in his own favor of his individual property, to the prejudice of his creditors.

The proceedings in the Court of Chancery in this case will be found *ante*, page 120.

*W. Pennington* for the appellant.

*L. C. Grover* for the respondents.

The opinion of the Court was delivered by Chief Justice Green.

GREEN, C. J.   The facts in this case are not disputed.   The premises in controversy consist of a house and lot in the city of Newark.   Obadiah Woodruff, by his will, duly executed to pass real estate, devised the *lot* with a *dwelling* upon it to trustees in trust for his son, Seth H. Woodruff, (the appellant) for his life, and after his decease in trust for his wife for her life, and then in trust for his children in fee.   The appellant, after the death of the testator having come into the occupation and enjoyment of the lot under the will being free from debt, erected upon a part of the lot, another building with his own funds.   With the as-

45

sent of the trustees he is in the possession and enjoyment of the entire property, including as well the house and lot devised by his father as the house erected by himself. Being so in possession, his property in the house erected by himself with *that part* of the lot upon which it was erected, was levied upon and sold to the respondents, by virtue of an execution at law issued upon a judgment recovered by them against the appellant. The respondents seek by their bill, to have the rents and profits of the house and lot so conveyed to them, applied in satisfaction of their judgment.

The rule is well settled that a trust estate is not the subject of levy and sale under an execution at law. It was so decided by Chancellor VROOM in *Disborough* v. *Outcalt ;* 1 *Saxton,* 298. In that decision this Court fully concur. It is equally clear that the trust created by the testator for the benefit of his son will not be interfered with, nor the trust funds diverted from their destination, for the payment of the debts of the *cestui que trust,* either by a court of law or of equity. The Chancellor, by his decree, has not contravened that principle. On the contrary, he clearly recognises the principle, and conforms his decree to its requirements, by directing that the value of the ground rent of the *land* upon which the house is erected, may, if .desired,. be ascertained, and that sum appropriated in pursuance of the trust. There is no diversion of any part of the trust fund from the purpose to which it was devoted by the testator.

The only question involved in the decision and appeal is, whether the *cestui qui trust* of land, the trust being for his own benefit, may invest his individual property by building on that. land, and thus create a trust in his own favor of his individual property to the prejudice of honest creditors.

It was said in argument that he had a right, when out of debt,. to invest his money for the benefit of his wife and children. Admit that he may do so and that the property thus invested will enure to his wife and children ; the question still remains, whether he may lawfully create a trust fund for the benefit of *himself* during his own life to the prejudice of his creditors. From the language of the first section of the supplement to the

Act respecting the Court of Chancery, (*Rev. Stat.* 921,) it results by fair construction if not by necessary implication that such trust is illegal. Upon broad principles of equity it cannot be sustained. The reasoning of the Chancellor in *Disborough* v. *Outcalt* clearly indicates his opinion that equity would relieve against so palpable a fraud. He says, " a contract was made by Outcalt and for his own benefit, but he paid no part of the purchase money. He was to reside there ; he had the management of the property, still he did not pay for the property, nor did he secure the payment. His creditors were not deprived of anything ; there was no assignment or transfer of property out of his own possession into the hands of another for the purpose of defeating creditors." And upon this ground the Chancellor held that the Court could not interfere.

The appellant in this case is in the possession of the land. He is entitled to the enjoyment of it for his life, by virtue of the devise. The decree of the Chancellor does not disturb his enjoyment of the trust estate. It leaves the said fund unimpaired. It simply secures to the creditors the rent of the house built by the *cestui que trust* with his individual funds. It appropriates to the payment of the debts of Seth H. Woodruff so much of the fund held in trust as proceeded from the debtor himself. It does not interfere with any part of the trust which was created by or proceeded from the will of Obadiah Woodruff.

There is a clause of the decree, not adverted to on the argument, which is not in accordance with the expressed views of the Chancellor. The decree appropriates the rents and profits of the building erected by the *cestui que trust* in payment of the claim of the complainants *until the claim is fully satisfied.* By possibility that may extend beyond the life of Seth Woodruff and beyond the life of his wife, when the land would become absolutely the property of his children. The Court are of opinion that the decree should be so modified as to guard against that contingency. It manifestly was not contemplated by the Chancellor, and was probably an oversight in the draft of the decree, or, like the clause in regard to the ground rent, was not deemed of sufficient importance to be inserted.

The decree should be affirmed, but without costs.

Justices RANDOLPH, CARPENTER and OGDEN, and Judges SCHENCK, RISLEY, PORTER and McCARTER concurred in this opinion.

Justice NEVIUS and Judge SPEER dissented.

Decree affirmed.