### WASHBURN & CAMPBELL v. BURNS (BUILDER) AND McCABE AND WIFE (OWNERS.)

1. Real estate conveyed in fee to husband and wife during coverture, is liable to a mechanics' lien, placed upon it for a debt contracted by the husband.

2. Such lien will attach only to the estate which the husband has in the property during the joint lives of himself and wife.

3. In a suit against husband and wife, on a mechanics' lien for the debt of the husband; *held*—that the proceedings could be amended by striking the name of the wife from the record, although she was described in the lien-claim as a joint owner.

4. In actions on lien-claims, the title of the defendant is not the subject of investigation, the pleadings not raising such issue.

---

Case certified from the Circuit Court of Hudson county.

This was a suit founded on a lien-claim.   The work was done by the plaintiffs for the defendant, Burns, who was the

builder. McCabe and wife were described in the lien-claim as the owners in fee. It was proved that the property had been conveyed to them in fee, by deed in the ordinary form, bearing date October 21st, 1858. It also appeared that the lien-claim was regular in form, and had been duly filed. A verdict was taken for the plaintiffs. The questions submitted to this court were—*First*. Are the plaintiffs entitled to judgment on the findings against the building and lot—and if so, on what estate therein ?

*Second*. Whether the lien-claim and declaration are sufficient for such recovery—and if not, whether they can be amended ?

Argued before BEASLEY, C. J., DALRIMPLE, DEPUE, and VAN SYCKEL, Justices.

For plaintiffs, *William A. Lewis*.

For defendants, *Dixon*.

BEASLEY, CHIEF JUSTICE. The principal question which was argued before this court in this case was, whether a husband who, together with his wife, holds an estate in fee, can burthen such an estate with a mechanics' lien.

The well-known peculiarities of the estate in question furnished the matter of argument in negation of this proposition. When an estate in land is vested in husband and wife during coverture, as they are one person in law, they will not hold—at least in the absence of express words for that purpose—either as joint tenants or tenants in common; they are each and both seized of the entirety. Unlike joint tenants, neither can sever the union of interests without the consent of the other; nor can partition be made between them. At common law, the treason of the husband did not affect the right of the wife, and although, upon the death of either, the survivor took the entire interest, this was not so much by way of the *jus accrescendi* as in joint tenancy, as it

was in continuance of the estate as originally created. From this complete unity of the estate, it was inferred that it was impossible that any interest could be acquired under the husband. The argument was, that as the wife was seized of an indivisible entirety, there was nothing left upon which the grant of the husband could act. This argument is sound only to a limited extent. Its error consists in leaving out of the account an element of the case. It is true that the husband cannot alien any part of the estate which he holds in the same right with his wife. To do that would be to sever its unity, and thus destroy its peculiar characteristics. The reason he cannot do this is because it would convert the estate into a tenancy in common, and defeat the right of survivorship. But the husband has an interest which does not flow from the unity of the estate, and in which the wife has no concern. He is entitled to the use and possession of the property during the joint lives of himself and wife. During this period the wife has no interest in or control over the property. It is no invasion of her rights, therefore, for him to dispose of it at his pleasure. The limit of this right of the husband is, that he cannot do any act to the prejudice of the ulterior rights of the wife. Such was the doctrine acted upon by this court in the case of *Den* v. *Gardner, Spencer* 556. There, the estate being in the husband and wife, it was held that the husband could execute a mortgage on his interest in the lands for his own life. This result, I think, is correct in principle, and is sustained by ample authority. The rule which it adopts is, that when the estate is in the husband and wife, the former has the absolute control of the property, including the *jus disponendi*, during the coverture. The necessary result is, that the husband can burthen the property to this extent with a mechanics' lien. But it is objected that, placing this case on this hypothesis, this suit has been misconceived, as the wife has been made a party. It is also urged that this is an error which cannot be amended, because it enters into the lien-claim, in

which the husband and wife are described as the owners in fee of the property.

There can be no doubt that the suit is irregular. It is clear that the husband could not, by his agreement with his contractor, bind to any extent the rights of his wife. This was the express point decided in *Johnson* v. *Parker*, 3 *Dutcher* 239. Obviously, therefore, the wife is an improper party. As to her, the plaintiff has failed to make out a case, for he has not proved that she built the house or, in writing, authorized it to be built. It is not necessary to pause here to inquire whether a married woman, by force of any of the recent statutes, can, in conjunction with her husband, assent to the erection of a house on the joint property of herself and husband, in such a form as to validate a proceeding against her under the law regulating mechanics' liens, for in this case, there is no pretence that she ever gave or was applied to for her concurrence. The contract being the sole act of the husband, there was no ground whatever to join the wife as a party to the action. The only question, therefore, is whether, by force of the act authorizing amendments of the pleadings, her name can be struck from the record.

Upon reflection, I can perceive no objection to this. Such a course cannot injuriously affect the husband, who will thus be left the sole defendant. He cannot justly complain if the court, by permitting this emendation, should deprive him of the defence of a technicality. As to the suggestion that the lien-claim contains the names of both husband and wife as the owners of the premises, and that it is not subject to the control of the court, the answer is, that there is no necessity for the suit to correspond with that document in this particular. The lien-claim sets out the truth with respect to the ownership of the property, and therefore has performed the office designed by the statute, which was to give notice where the property was to be affected by the lien. But it would be a useless severity to hold that the action may not be framed so as to affect the interest of only one or a part of the parties described as owners. I can perceive no harm

which can possibly result to any one from sanctioning such a proceeding. I think the plaintiffs should be allowed to drop the wife of the defendant as a party to this suit.

Before closing, I wish to remark I do not regard the question first above discussed—that is, as to the extent of the interest which the male defendant has in these lands—as at all involved in this action. I have given my views upon the subject only because it was embraced in the argument of counsel, and from an impression that it might be a satisfaction to the parties. But as a matter of correct practice, it seems to me that all questions as to title are to be excluded from these trials taking place under the directions of the lien law. The pleadings do not properly raise any such issue. A defendant who appears in the character of owner cannot set up that he has not such an interest in the land as is amenable to the lien. Such was the rule of law laid down in *Cornell* v. *Matthews*, 3 *Dutcher* 523. So far as the owner is concerned, the proceeding is *in rem*, and the issue as to his title must be immaterial, for, if he has none, the judgment against the property cannot affect any of his rights. Putting in the plea prescribed by the statute, for the owner, he cannot, at the trial, deny his *status;* all that he can do is, to show that the statute relating to mechanics' liens has not been complied with, or that he has not consented, in due form, to the erection of the structure placed upon the land, which, for the purposes of the trial, must be deemed to be his.

On the other hand, it was a proper matter of defence that the wife, who was joined in the suit, had not given her consent to the putting of this building on the property. This was a fact which the plaintiffs were bound to prove under the provisions of the act.

Let the Circuit Court be advised that the record should be amended in conformity with the above view, and that the plaintiff should have judgment upon such amended record.

DALRIMPLE, DEPUE, and VAN SYCKEL, Justices, concurred.

CITED *in Bolles* v. *State Trust Co.*, 12 *C. E. Gr.* 309; *Lee* v. *Zabriskie*, 1 *Stew.* 428.