33 N.J. Super. 371 (1954)
110 A.2d 321
ANTHONY J. YECK, PLAINTIFF-APPELLANT,
v.
WALTER RIETZKE, HELEN RIETZKE, HIS WIFE, AND BARBARA LUDI, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1954.
Decided December 21, 1954.
*373 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Emil J. Hoos argued the cause for appellant.
Mr. Alexander Levchuk argued the cause for respondents (Messrs. Levchuk and Pappa, attorneys).
The opinion of the court was delivered by JAYNE, J.A.D.
Perceptibly the remedy to be afforded in response to the present appeal is the substitution of a judgment which in essential respects will be expressive of the orally announced conclusions of the trial judge. The factual pedestal upon which the controversial issues of law and equity are balanced is beyond meritorious attack.
However, a brief precursory disclosure of the facts is appropriate. In 1948 the defendant Walter Rietzke, a carpenter, *374 then living with his wife and six or seven children in a converted chicken coop and without adequate financial resources of his own with which to build a home for himself and family, consulted his trusted friend, Mr. Edward Van Buskirk, a real estate agent with offices at Matawan, whom he informed that he had selected an acre of ground owned by one Mary Mundy which could be acquired and upon which he desired to erect a modest home, but he required a loan of a few hundred dollars. He implored Mr. Van Buskirk to purchase the parcel of land for him and his wife and to supply the purchase price as a loan.
Mr. Van Buskirk was not at the moment in a position to make the loan but obtained one for the couple from a client, Irene Horan, with the proceeds of which the parcel of land was purchased for them.
The transaction was consummated in this fashion. The deed from the grantor Mundy purported to convey the title in fee to Irene Horan, and an associated contract was executed by the terms of which Irene Horan upon the payment of her loan by stated instalment credits with interest, agreed to convey the property to the defendant and his wife, who assumed immediate possession of the premises.
The defendant Walter began the erection of the dwelling but was currently retarded by a lack of funds for the purchase of necessary building materials. Mrs. Van Buskirk came to his rescue, acquired the interest of Irene Horan by a conveyance from the latter to herself, proceeded to supply additional moneys in the purchase of the needed building materials, and assumed the contract to sell upon reimbursement by the Rietzkes.
On July 9, 1951 the monetary assistance doubtless sympathetically bestowed upon the defendant Walter Rietzke and his family, had aggregated about $2,800, when Mrs. Barbara Ludi, another investing client of the Van Buskirk agency, acquired the legal title to the property by a deed of conveyance from Mrs. Van Buskirk and her husband, and Mrs. Ludi likewise assumed the contractual obligation to convey the premises to the defendants Rietzke upon the payment by *375 larger periodical instalments of the amount due to her, now amounting to about $3,000. By such means and by the exertions of the defendant Walter, the erection of the dwelling house was eventually completed.
Mention may now be made of the ensuing occurrences that have incited the prosecution of the present action in the Chancery Division of this court.
On January 26, 1953 the plaintiff recovered a judgment against Walter Rietzke in the Monmouth County District Court in the sum of $300, which was on May 25, 1953 duly docketed in the office of the clerk of that county. A writ of execution was issued to satisfy the judgment, pursuant to which the sheriff levied upon and sold to the plaintiff all the right, title, and interest of Walter Rietzke in and to the premises to which reference has hereinbefore been made.
The plaintiff then instituted the present action in quest of a judgment declaring that the defendant Walter Rietzke was the owner of an estate in fee simple of the property, that the initial and subsequent deeds to Irene Horan, Mrs. Van Buskirk, and Mrs. Ludi were invalid as mortgage liens, and that the estate, if any, of Helen Rietzke in the property be determined.
A discussion of the legal and equitable characteristics of the case is next in point.
It is traditional that to promote justice a court of equity will look beyond the facial authenticity and perceptible efficiency of written instruments and explore the character of the transactions and the contemporaneous intentions of the parties. Thus, not infrequently a deed, although absolute on its face, is in equity adjudged to be operative as a mortgage. Consult, Westcott v. Konstantynowicz, 139 N.J. Eq. 252 (Ch. 1947), and authorities therein collated.
The deeds here implicated were indubitably intended to render only the utility of mortgages successively to secure the payment of the cumulative monetary loans respectively made to the defendants Walter Rietzke and his wife.
The contractual obligation to convey the property to Walter and his wife Helen was continuously assumed by the *376 successive owners of the record title, to whom periodical instalments of principal and interest were in fact made. What therefore continued to be the nature of the rights and interests of Walter and his wife in the property?
It is well established that in equity a valid contract for the sale of land immediately constitutes the vendor the trustee of the legal estate for the designated future recipients of the title who, likewise at once, become the equitable owners of the land. Haughwout and Pomeroy v. Murphy, 22 N.J. Eq. 531, 546 (E. & A. 1871); Oscsenda v. Oscsenda, 2 N.J. Super. 353, 358 (Ch. Div. 1949). And when the contract calls for a conveyance to husband and wife, they become equal owners of an equitable estate by the entirety. Oscsenda v. Oscsenda, supra; Hall v. Hall, 11 N.J. Super. 97 (App. Div. 1951).
Since such a contract would be regarded at law as wholly executory, it must be discriminately realized that the interests, sometimes called estates, of the defendants Walter and Helen Rietzke in the realty are equitable as distinguished from vested legal estates. The awareness of that distinction accumulates superior significance in considering the efficacy of the execution sale of Walter's interest.
Had it been the fact that Walter and his wife each had a vested legal estate by the entirety in the premises, each under the settled law of this State would have an alienable estate subject to execution at law. Hopper v. Gurtman, 126 N.J.L. 263, 276 (E. & A. 1941). See, also, Zanzonico v. Zanzonico, 24 N.J. Misc. 153 (Sup. Ct. 1946).
But they held only equitable interests or estates in the property. As early as the decision in Vancleve v. Groves, 4 N.J. Eq. 330 (Ch. 1843), it was held that in the absence of a statutory provision to the contrary, a mere equitable interest of this character, though accompanied with possession, is not the subject of a levy and sale, by virtue of an execution at common law. Vide Disborough v. Outcalt, 1 N.J. Eq. 298 (Ch. 1831) re execution levies and sales at law of mere equitable rights. The absence of the legal lien has been attributed to the absence of seisin in the debtor. There has *377 been in our State a continued adherence to that principle or rule. Ketchum v. Johnson's Ex'rs., 4 N.J. Eq. 370 (Ch. 1843); Cairns v. Hay, 21 N.J.L. 174 (Sup. Ct. 1847); Woodruff v. Johnson, 8 N.J. Eq. 729, 730 (E. & A. 1851); Hogan v. Jaques, 19 N.J. Eq. 123 (Ch. 1868); Dodge v. Brokaw, 32 N.J. Eq. 154 (Ch. 1880), affirmed 36 N.J. Eq. 357 (E. & A. 1882); Cowan v. Storms, 121 N.J.L. 336, 340 (Sup. Ct. 1938); Cohen v. Cohen, 126 N.J.L. 605, 608 (Sup. Ct. 1941); Camden Trust Co. v. Toone, 141 N.J. Eq. 342, 346 (Ch. 1948); Mesce v. Gradone, 1 N.J. 159, 166 (1948). Cf. Washburn & Campbell v. Burns and McCabe, 34 N.J.L. 18 (Sup. Ct. 1869), re mechanics' lien.
In such circumstances should the plaintiff leave a court of equity without relief? The power of a court of intermixed law and chancery jurisdiction to subject certain equitable interests of a debtor to the payment of an unsatisfied judgment by means of an equitable lien should not be doubted.
Of course, the court cannot absorb for such an object property which is reserved therefrom by law. Otherwise the doctrine of equitable liens has supplied the ground for the specific remedies which equity confers, operating though upon particular identified property, in contrast to the general pecuniary recoveries granted by courts of law. Temple v. Clinton Trust Company, 1 N.J. 219, 226 (1948); 4 Pomeroy's Equity Jur. (5th ed.) § 1233 et seq. Certainly the existence of the debtor's equitable interest or estate must first be established.
The trial judge in effect concluded that the defendants Walter Rietzke and Helen Rietzke were the equitable owners in fee of an estate co-equal in its incidents, properties, and consequences to a legal estate by the entirety. It may incidentally be remarked that there was no evidence of fraud in the transactions.
The judgment entered in this action is inaptly composed. It fails explicitly to declare the conclusions of the trial judge. It is nullified, and a judgment is directed to be entered adjudicating that:
*378 (a) The defendants Walter Rietzke and Helen Rietzke, his wife, are as vendees the equitable owners of an estate by the entirety in the designated parcel of real estate;
(b) The deed of conveyance from Ethel G. Van Buskirk and her husband to Barbara Ludi dated July 9, 1951 is in fact effective only as a mortgage encumbrance upon the premises to secure the payment of the indebtedness due the grantee therein named;
(c) The deed of the sheriff of Monmouth County to the plaintiff dated August 7, 1953 is null and void;
(d) The plaintiff is granted an equitable lien only upon the specific equitable estate of the defendant Walter Rietzke in the designated property for the recovery of the principal, accumulating interest, and costs of the unsatisfied judgment, exclusive of the execution fees, which equitable lien is subject and subordinate to the encumbrance of the defendant Barbara Ludi.
Mandate accordingly.