Thomas V. Johnson and John Y. Baldwin *v.* Seth Woodruff, Jane his Wife, John W. Stout, and Archibald Woodruff.

A., by his will, gave a certain house and lot in Newark, to trustees, for the use of B. for his life, and then for the use of B.'s wife, if she survive him, and directed the trustees to convey the same after the death of B. and his wife, to their children; and also gave to B. a money legacy of $2000. With a part of this $2000 B. built another house on the said lot of land, and was in the receipt of the rents thereof. C. obtained a judgment at law, and issued execution, but failed to obtain payment for want of property subject to execution at law. On bill filed by C., the Court appointed a receiver to receive the rents of the house so erected by B., to be applied to the payment of C.'s judgment, until the same should be satisfied, and enjoined the trustees from receiving said rents.

Thomas V. Johnson and John Y. Baldwin exhibited their bill, stating that on the 30th of July, 1842, one Obadiah Woodruff died, seized of the lot of land and premises in the bill mentioned, leaving a will and codicil thereto, by which, among other things, he devised as follows :

" I, Obadiah Woodruff, of, &c., do make and publish this codicil, &c., Whereas, under the fourth head of my said will, I devised and bequeathed, or intended to devise and bequeath, all the rest and residue of my estate, real and personal, therein mentioned, in seven equal shares, to my children therein named, their heirs, and assigns; I do hereby modify that devise and bequest, by making out of said estate additional provisions for my son Seth Woodruff, intending that the residuary estate shall be divided among my said seven children, share and share alike, and to their respective heirs and assigns for ever. I do therefore give and devise unto John W. Stout and Archibald Woodruff, named in my said will, and to their heirs and assigns for ever, to the survivor of them and the heirs of such survivor, all that certain corner lot of land and premises, 40 feet front on Washington street, and 110 feet on Warren street, the north and western boundaries to run parallel with said streets, being part of the homestead in the city of Newark; To have and to hold to the

uses and trusts following, that is to say, in trust for the occupation and enjoyment of the same by my said son, Seth, during his life; and in case his wife, Jane, shall survive him, then in trust to permit her to occupy and enjoy the same during the remainder of her life; and after the decease of my said son and his wife, then in trust that the said trustees or the survivor of them, and the heirs of such survivor, convey all the right, title and interest in the said land and premises, by a good and sufficient deed of conveyance, unto the children of my said son, share and share alike, and to their respective heirs for ever; the legal representatives of any deceased child to take and be entitled to the same share as his or her parent would have been if then living. In case my son, or his said wife, shall not choose to occupy the said lot of land and premises, then the said trustees or the survivor of them, or the heirs of such survivor, shall permit them, during their respective periods aforesaid, to receive the rents and profits thereof; but they are, respectively, while the said trust remains, to make all necessary repairs and pay all taxes and other necessary charges and expenses in and about said premises. And I do hereby ratify and confirm all the provisions of my said will as therein expressed, except as to the lot of land and premises hereinbefore mentioned. Dated, July 19, 1842."

. That the executors therein named proved the said will and codicil, and took upon themselves, &c., and accepted the trust imposed by said codicil.

That the said Seth H. Woodruff afterwards entered into and took possession of the said lot and premises, and the house thereon, and is now in possession thereof, the said house being a large and commodious dwelling house fronting on Washington st.

That said Seth H., after taking possession as aforesaid, entered into business as a stove dealer, in Newark, and in said business contracted debts which he became, or alleged himself unable to pay; and while so engaged in business, the said Seth, appropriating for that purpose, as the complainants believe, the means which should have been applied by him to pay his debts, and which belonged to his creditors, did, on the rear of the lot above described, and fronting on Warren street aforesaid, erect a building two stories high, and constructed so as to be used for

a store and dwelling house, which said store and dwelling house was erected at a considerable expense, but the amount thereof the complainants do not know.

That from the location and desirableness of said store and dwelling house, the same has rented and does now rent for a considerable sum, annually, which has been, and, as the complainants are informed and believe, still is received and appropriated by the said Seth H. to himself, and for his own purposes, and the said premises are not occupied or used by said Seth H. or his family for their residence.

That while the said Seth H. was engaged in business as aforesaid, he became indebted to the complainants, and failing to pay, the complainants commenced a suit against him, in the Circuit Court of Essex, and in June term, 1846, recovered a judgment against him for 186.40, and issued execution *de bonis et terris* thereon to the sheriff of Essex.

That said Seth H. having, by a judgment confessed by him prior to the complainants obtaining their said judgment, allowed all his personal property to be sold under execution, the same having been purchased by the plaintiff in said suit, and left with said Seth H., he had no personal property whereof to make the amount of said judgment of these complainants, and therefore the said sheriff did, by virtue of said execution of the complainants, take and seize all the right, title and interest of the said Seth H. of, in and to the real estate of which the said Obadiah Woodruff died seized, situate on the corner of Washington and Warren streets, in Newark, being 40 feet front on Washington, and 110 feet on Warren street.   And the said sheriff advertised the said lot of land and premises to be sold by virtue of said execution of the complainants, at public vendue, at Stewart's Hotel, in Newark, on the 31st of March, 1847, at 2 P. M.; at which time and place the said sheriff did, accordingly, expose said lot of land and premises for sale, at public vendue, by virtue of said execution; and thereupon the complainants, for the sum of $10, became the purchasers thereof, as by the sheriff's deed, &c., which deed was duly recorded on the 16th of December, 1847.

That the residue of said judgment, with the interest, remains wholly unsatisfied.

That the said Seth H. has, at all times, possessed and enjoyed, and still does possess and enjoy the said dwelling house and premises on Washington street, and has also received, and still does receive the rents, issues and profits of the said store and dwelling house so as aforesaid erected on Warren street; and that he has refused, and still does refuse to deliver up to the complainants the possession of said premises or any part thereof, or to allow them to receive the rents issues and profits or any part thereof.

The bill prays the appointment of a receiver of the rents, issues and profits of the said store and dwelling erected by said Seth H.; and that the said Seth H. Woodruff, John W. Stout, and Archibald Woodruff may be enjoined from receiving the rents, issues and profits of said buildings; and that the complainants may have satisfaction of their said judgment, and such other and further relief, &c.

To this bill, John W. Stout, Archibald Woodruff, and Jane H. Woodruff demurred; for that the bill contains no matter of equity whereon the Court can ground any decree or give the complainants any relief or assistance as against these defendants; and assigning the following causes of demurrer.

1st. Because the complainants, by their said judgment and execution, and purchase at sheriff's sale, acquired no right or title whatever in the lands and premises whereof a recovery or sequestration of the rents and profits is sought by their bill.

2d. Because the said lands and premises belong to these defendants, J. W. Stout and Archibald Woodruff, as trustees under said will, and the title was in them at the time of the complainant's judgment and sale under it; and the complainants have no right to interferfere with that trust, or to deprive them of their rights or property as such trustees.

3d. Because there can be no sale under an execution at law of rents and profits issuing from real estate; and the complainants, therefore, acquired no rights whatever to them by their said purchase.

4th. Because the rents and profits aforesaid belong to these defendants, Stout and A. Woodruff, and are embraced within the trust stated in the bill, and must be applied in the manner pointed out in the said will, and the complainants have no right to have them applied to the payment of their debt.

5th. Because the bill seeks to destroy a trust created in a lawful manner, and to render inoperative the objects and purposes thereof.

6th. Because the bill seeks to substitute receivers in the place of the defendants Stout and A. Woodruff, as trustees, without assigning any ground for their removal from office, and to divert the rents and profits from the person to whom they are directed to be paid.

7th. Because Jane H. Woodruff is not a necessary or proper party to this suit.

8th. Because there is no matter of Equity in the bill on which a decree can be made against these defendants, or the complainants obtain relief.

Seth H. Woodruff put in an answer, in which he says, that by the will of his father, he was given a share with his sisters in the personal estate, which share exceeded $2000; and being at that time out of debt, and thinking it most for his interest and that of his family, he took a portion of the legacy so bequeathed to him by his father, and erected the building mentioned in the bill; but he denies that the same was done when he was in embarrassed circumstances, or with any design or intention of defrauding his creditors, or that the same was built with the money of his creditors or any of them.

He says, that after he had erected the said building and at a time subsequent thereto by a year or more, his affairs became unfortunate, and he was unable, from adverse circumstances, to pay all his debts. He says that the expense of erecting said building did not vary much from $800; that the building is now rented, by and in the name of the said trustees for the sum of $120, which is received by this defendant by the permission and consent of the trustees.

He admits he receives the rents and profits of said building

erected by him, and declines yielding up the possession or the rents and profits thereof to the complainants.

The case was heard on the demurrer and on the bill and answer.

*L. C. Grover*, for the complainants.

*W. Pennington* for the defendants.

THE CHANCELLOR.   The demurrer cannot be sustained.

The only question in the case arises on the answer of Seth H. Woodruff.

The will gives a certain house and lot in Newark to trustees for the use of said Seth for his life, and then for the use of his wife, if she survives him ; and directs the trustees to convey the same, after the death of said Seth and his wife, to their children. The will also gave to Seth H. Woodruff a money legacy of $2000, absolutely.

With a part of this $2000 Seth H. Woodruff built another house on the said lot of land, and receives the rent therefor. The question is : can he enjoy these rents, the use and returns for his own money invested in building another house on said lot, and hold his creditors at arm's length ; or is there not a mode by which those rents can be subjected to the payment of his debts.

Our system of jurisprudence would be very imperfect if it afforded no relief to a creditor in such a case.

The question is not, whether by the judgment and execution the creditor obtained any lien upon the building, or whether by the sheriff's deed he acquired any interest in the building.   All that part of the case might be struck out of the bill.   The complainants obtained a judgment at law, and issued execution, and have exhausted their remedy at law.   The very reason why they come here is that the law affords them no remedy by judgment and execution.   They come here to reach a fund of the defendant Seth H. Woodruff, which he has shut up in such a way that it cannot be reached at law.

I do not doubt that this Court could afford relief in a case like

this independently of the provisions of our late act entitled " A Supplement to the Act respecting the Court of Chancery." And the case is clearly within the spirit and policy, and it may be said, too, within the very provisions of that supplement.

A receiver will be appointed to receive the rents of the house erected by Seth H. Woodruff, to be applied to the payment of the judgment of the complainants, until the same be satisfied, and, in the mean time, the trustees under the will of Obadiah Woodruff will be enjoined from receiving the rents.

A distinction may be made, if there be any utility in it, between what would be the value of the use of the ground occupied by the new house and the yard or enclosure used with it, and the use of said enclosure with the house erected on it, and the former may be deducted from the latter, and the difference be directed to be paid to the receiver, This will only require the services of a receiver for a little longer time.

In this view a referee will be necessary to ascertain such difference.

Order accordingly.