MARTHA TORREY, executrix &c.,

v.

JAMES CORNEGYS TORREY et al.

1. A court of equity will not assume jurisdiction to construe a will alleged to pass real estate at the instance of an executor who is not, by the terms of the will, given an estate in the property disposed of, nor charged with the performance of any trust or other duty in relation thereto.

2. Equity will construe a devise when such construction is incidental to its general jurisdiction over trusts.

3. The claimant of a purely legal title to lands under a devise, seeking only to establish his title as against that of the heir-at-law by the construction of the will, must assert his right at law and not in equity.

Bill for construction of will &c.

The bill in this case is filed by the complainant, as executrix of the last will of her deceased husband, James W. Torrey, against their three children, one only of whom is above the age of fourteen years. For these children the clerk of this court has been appointed guardian in this suit, and formal answer has been filed by him, praying that their interests may be protected &c.

The bill sets forth the testator's will, which states him to be a bank officer, and directs the payment of debts and expenses of his funeral, regarding which he desires that all unnecessary

expense may be avoided and that it may be conducted privately. The will contains these clauses :

"I give and bequeath to my dear wife, Martha Torrey, all of this world's goods of which I may be possessed at the time of my death, confident that she will care for our dear children with the same love and devotion which she has ever shown them.

"It is my desire that no inventory of my household effects be made or required at the hands of my executrix."

The complainant is appointed sole executrix of the will. No further disposition is made of any estate by the will than is above indicated. The executrix proved the will before the surrogate of Camden county on the 24th day of March, 1893. The children are made defendants, as next of kin and heirs-at-law of the testator, the complainant alleging that they claim that the testator died intestate of his lands, which thereupon descended to them as heirs-at-law, subject only to the complainant's dower right, while she asserts that the effect of the will is to make her sole devisee and absolute owner of all the lands of the testator and the profits thereof.

The complainant further states in her bill that she is desirous of selling the real estate whereof the testator died seized, and of conveying the same, but is unable to do so by reason of the claims of the children and the uncertainty as to the meaning of the will ; that she, as executrix of the will, is unable to determine which of the said claims is correct, and therefore her duty as executrix is involved in doubt and uncertainty. She prays a construction of the will as it may affect the rights of the children and of herself in the testator's land and the profits, and a decree determining the rights of the children and of herself in the real estate.

*Mr. George J. Bergen, Mr. Martin V. Bergen* and *Mr. F. F. Eastlack, Jr.* (of Philadelphia), for the complainant.

GREY, V. C.

The complainant files her bill as executrix, setting forth the will. She claims that under the words of the will, " I give and bequeath to my dear wife, Martha Torrey, all of this world's

goods of which I may be possessed at the time of my death"
&c., she became, upon the testator's death, sole devisee of the
testator's real estate.    It is obvious that whatever was included
as the subject-matter of the gift in question, the capacity in
which the complainant claims to have received it was in her
personal and individual right, and not as executrix of the will.
No estate is alleged to have vested in her as executrix, no power
touching the real estate, to be exercised by her as executrix, is
set forth, nor is any duty in that capacity alleged to have been
cast upon her by the terms of the devise.    The face of the bill
shows that she claims that by the words used the real estate of
the testator passed by devise in fee to her in her own right, and
that the heirs-at-law deny this claim and assert that the testator
died intestate of his real estate, which descended to them in fee-
simple.

The position assumed by the complainant as absolute owner
denies any trust, either as executor or because of the added words
of confidence &c. in the above-quoted clause of the will.    The
argument of complainant's counsel is on the same line, claiming
for Mrs. Torrey an absolute estate in fee-simple in the testator's
lands.

Here is a statement of a dispute confined wholly to conflicting
claims between different parties, each asserting a purely legal
estate in lands, one as devisee in fee, the other as heir-at-law.

The power of courts of equity to construe devises of real
estate is limited to such dispositions as create or involve the
creation of trusts.    So far as a will of real property devises
purely legal estates, and the devisees therein obtain purely legal
titles to land, their enforcement belongs to the courts of law.
*Pom. Eq. Jur.* § *1155.*

The jurisdiction exercised by courts of equity in construing
devises of lands is incidental to its general jurisdiction over
trusts and the performance or enforcement of trusts, either ex-
press or implied ; and a suit in equity of this character can only
be maintained by some party directly interested in the trust
under the will, and not by a devisee of a mere legal title.    *Pom.
Eq. Jur.* § *1156.*

Torrey *v.* Torrey.

The case of *Benham* v. *Hendrickson, 5 Stew. Eq. 444,* contains a declaration to the effect that the uncertainty of devises of itself furnishes sufficient reason for recourse to equity for construction; but an examination of the facts exhibited in that case shows that the bill was filed by the holders of a title under a will against an executor of that will, who had mistakenly exercised a power of sale by selling their lands and was about to pay over the proceeds, and was proceeding to sell other of their lands not authorized to be sold by the power, and thus to create a cloud upon their title. The court held that there was no adequate remedy at law, and granted an injunction restraining the further unauthorized exercise of the power. It will be seen that the facts in the case fully warranted a restraint upon the executor in the exercise of the power entrusted to him for the settlement of the estate, and did not call for the declaration of unlimited equitable jurisdiction over the construction of wills of real estate, upon the mere ground of the uncertainty of a devise. This declaration must be read in the light of the facts then before the court in the case then under consideration.

In *Youmans* v. *Youmans, 11 C. E. Gr. 149,* a bill was filed by executors for construction and directions in the exercise of a power of sale of so much land as might be necessary to settle the estate, and was entertained.

In these cases, so far as the question of title to lands was brought before the court, it came as necessarily attendant upon the determination of a dispute involving some branch of undoubted equitable jurisdiction for direction or restraint in the exercise of a trust or trust power.

In the late case of *Dunn* v. *Casperson, 15 Stew. Eq. 91,* a construction of a devise was refused to an administrator *cum testamento,* upon the declared ground that, as administrator with the will annexed, he had nothing to do with the construction of the devises in the will.

In New York the doctrine was explicitly declared by Chancellor Walworth, in the leading case of *Bowers* v. *Smith, 10 Paige 199,* that neither the heirs-at-law nor the devisees who claim mere legal estates in the testator's real property, can file a

bill for the sole purpose of obtaining a judicial construction of his will.

In *Onderdonk* v. *Mott, 34 Barb. 112*, the supreme court of New York, sitting in equity, determined that the difficulty of want of jurisdiction in equity to construe a will at the instance of a devisee claiming a mere legal estate in real property, was insuperable, if it existed, even if not raised by the opposing party.

The court of appeals of New York, in *Bailey* v. *Briggs, 56 N. Y. 413*, approved of the doctrine as stated in *Bowers* v. *Smith, ubi supra*, holding the jurisdiction to be incidental to that over trusts. This view has been consistently supported by the court of last resort in New York, in *Chipman* v. *Montgomery, 63 N. Y. 230*, and *Post* v. *Hover, 33 N. Y. 602*.

In *Dill* v. *Wisner, 88 N. Y. 160*, the court of appeals declared that the right of an executor to sue " for construction of a will of real estate depends entirely upon the question whether he is invested with a trust under the will in reference to the subject-matter of the devise, and it is only in such cases that a court of equity, on the assumption of its right of supervision over trusts and trustees, will assume jurisdiction."

There are some decisions which appear to extend the equitable jurisdiction so as to include cases where the terms of a devise are difficult or doubtful, or of contested validity, irrespective of the existence of any trust relating to the property. Most of these cases will, however, be found to present some question of undoubted equity jurisdiction and to have brought in the determination of the legal title to lands as necessarily incidental to the equitable relief sought.

The generally-accepted doctrine is that above declared, and is consistent with the long-established rule that the forum in which to settle the legal title to lands is a court of law.

In the case under consideration the bill is filed by the complainant as executrix, but she shows no trust or other duty cast upon her as executrix, touching which she might ask to be instructed. As executrix she has neither title to lands of the testator nor any other interest in them. She shows no right as executrix to ask for the construction of this will, and she asks

no instructions as to her duty as executrix. *Casperson* v. *Dunn*, *ubi supra; Baxter* v. *Baxter, 16 Stew. Eq. 85.*

In the premises of her bill she alleges that she is a devisee in fee of the lands of the testator and that the heirs-at-law deny her claim, and here she asks what is really sought by the bill, namely, a construction of the terms of the will as to what is included within the words "I give &c. to my dear wife &c. all of this world's goods " &c., alleging that these words sufficiently describe a devise of all the testator's real estate.

Assuming that the complainant is, as she asserts, the absolute owner as devisee of the lands of the testator, she asks a court of equity to construe a devise in a will which she alleges passes to her a purely legal estate. She seeks this relief against heirs-at-law, whose estate in the decedent's lands must be a legal estate.

Upon the case presented by the complainant's bill her remedy should be sought at law and not in equity.