JOSEPH GOETZ and AARON MEYER, executors of Abraham Sickel, deceased,

*v.*

YETTE SICKEL et al.

[Submitted May 3d, 1906. Decided June 12th, 1906.]

A will purported to devise to executors certain lands in trust. Residuary devisees having asserted that the devise in trust was void because violative of the rule against perpetuities, the executors file this bill to obtain a decree that the trust should be performed and all necessary directions be given for that purpose and for further relief.—*Held,* (1) that the right of trustees to require the direction of this court in aid of the performance of their trust duties is not involved, as the bill seeks, rather, a determination whether they are trustees, which involves the question of the title to the land in question; (2) that a decree could not be made in this cause which would establish the title or bar actions at law respecting the same.

*Mr. Thomas Anderson,* for the complainants.

MAGIE, CHANCELLOR.

The bill in this cause is filed by Joseph Goetz and Aaron Meyer, two of the executors of the last will and testament of Abraham Sickel, deceased. It recites that Yette Sickel, widow and executrix of the deceased, who joined with complainants in proving the will, refused to join with them in filing this bill. It makes her a defendant, both individually and as executrix. The other defendants are children and grandchildren of the deceased.

Complainants' bill sets out the will of Abraham Sickel in full. It then states that, notwithstanding the complainants and their co-executrix have been collecting the rents of a house in Newark, under a devise thereof to them in trust (which devise is contained in the third clause of the will), which rents they have paid to the widow and to two of testator's daughters, pursuant

to the direction of the clause, those daughters have lately denied their right to execute said trust, contending that the devise in question is wholly void because in contravention of the rule against perpetuities, which limits the period to which the vesting of an estate may be postponed to a life or lives in being and twenty-one years after.

The two daughters, who are residuary devisees under the will, have filed no answer. The infant defendants, grandchildren who are interested under the third clause, have filed a formal answer by their guardian *ad litem,* and the cause has been brought to hearing upon the bill, the formal answer and the proofs. When the cause was first argued there was, in my judgment, such doubt whether, upon the case made, any effective decree could pass that a reargument was directed, which was finally presented by a brief filed May 3d, 1906.

The prayer of the bill is for a decree that the trusts in said will may be performed and carried into execution, and that all necessary directions may be given for that purpose. There is a prayer for further relief, under which any relief germane to the case made can be decreed.

It is obvious that the case made will not support a decree establishing the title of the house and lot which was the subject of the alleged devise contained in the third clause of the will. A decree that the complainants acquired title thereto by that clause of the will would not bar an ejectment at law. A decree that they acquired no title by that clause would not operate to bar the claim, at least, of children hereafter born, and therefore not parties to this suit.

In *Traphagen* v. *Levy, 45 N. J. Eq. (18 Stew.) 448,* Chancellor McGill dealt with a case which he said related entirely to the title to real estate and the nature and extent of the right which executors acquired under a will. It is apparent, however, from the statement of the case, that this expression was too broad, for the will then in question gave some rights to executors, and it was proper and necessary for the chancellor to direct them as to the extent of those rights, and to direct them in their duties thus arising. The case before me more nearly resembles that of *Bowers* v. *Smith, 10 Paige 193,* in which one of the ques-

tions was whether a certain devise would not suspend the power of alienation to a greater extent than permitted by the law of New York. The bill in that case was dismissed for other reasons, but Chancellor Walworth declared that the decision of legal questions arising on the construction of a will belongs exclusively to courts of law, except where such questions arise incidentally in the court of chancery, and where that court has obtained jurisdiction of the case for some other purpose.

It results, in my judgment, that complainants have presented no ground for relief, unless it may be under the contention strenuously urged by their counsel to the effect that they, as trustees, are entitled to the direction of the court in the performance of their trust duties.

This claim is so forcible that I hoped I could adopt that view and give some relief. Subsequent reflection has led me to conclude that no decree can be made giving the relief claimed.

The right of trustees to seek the direction of this court, and the duty of this court to give such directions in certain cases, is undoubted. *Hoagland* v. *Cooper,* 65 *N. J. Eq. (20 Dick.) 407.* But it is plain that what complainants seek by this bill is not direction as to the performance of their duty as trustees, but to discover whether they are trustees, and therefore charged with any duty as such. Whether or not complainants are trustees depends upon whether the devise in the third clause of the will is valid or void. If valid, complainants are trustees. If void, they are not. This leads back to the observations heretofore made, that the question is one of title to land, and which a decree here in this cause cannot settle.

Nor can I conceive of any decree made upon this ground which would protect complainants, and this for the reasons before given.

In my judgment, complainants present no greater claim for relief than would be presented if they had brought into court persons having no interest under the will, but who, they charged, claimed title to the house and lot which was devised by the third clause. I deem it beyond question that they could not, under pretence of desire for instruction as to their duties under that devise, draw into this court a question of title to real estate.

It results that the complainants have misconceived their right to resort to this court on the case made, and their bill must be dismissed, with costs to the infant defendants.