GEORGE E. HOE et al., trustees, &c.,

*v.*

MARION M. HOE, individually and as executrix, &c., et al.

[Submitted April 6th, 1915. Decided April 9th, 1915.]

1. A court of chancery has no jurisdiction to construe the codicil of a will where the question presented is purely one involving the legal title to lands.

26

2. A court of chancery has no jurisdiction to construe the codicil of a will at the instance of trustees thereunder, where they merely ask to be informed whether the devisee owns the property devised absolutely or only for life, and ask no further relief or guidance in the administration of the trust estate.

3. A bill by the trustees under a will to determine their rights to the remainder thereunder may properly be brought under *4 Comp. Stat. 1910 p. 5399*, relating to the determination of claims to real estate in certain cases, and to quiet title to the same, and page 5404, relating to the determination of claims to estates in remainder, and to quiet title to the same.

*Mr. Edward Maxson,* for the complainants.

*Mr. Herbert Clark Gilson,* for the defendants.

BACKES, V. C.

The trustees under the will of William A. Hoe, deceased, filed this bill for a construction of the third codicil of the testator's will, by which he devised to his daughter Marion M. Watkins the premises No. 17 Lawnridge road, Orange, New Jersey, of which she was to have the free use and enjoyment as a home, with the privilege of leasing the same for a term not exceeding two years. She was not to have the right to convey or mortgage during her lifetime, but was given the power to dispose of the estate by will, to her issue only. If she failed to appoint by will, the property was to go to her issue. It was also provided that if she desired to sell during her lifetime she, with the consent of the executors or trustees of the will, should have the right to do so. The devise was upon condition that she pay the upkeep of the property, and, if she failed to do so, the executors or trustees were to pay the same and charge the amount against the devisee's income, provided for under the residuary clause of the will. By the residuary clause of his will, the testator devised and bequeathed the bulk of his estate to three trustees, in trust, to pay the net income to his wife for life, and at her death to distribute the remainder among his three children, in equal parts. The shares of his two daughters, one of whom is Marion M. Watkins, mentioned in the above codicil, were to be held in trust, to pay the net income to them for life, and at their death the estate was

to go to their respective issue. The trustees, in their bill, aver that the codicil is ambiguous; that they are unable to ascertain whether Marion M. Watkins is entitled to an estate in fee-simple, or some other kind of an estate in the premises, and that they "therefore ask the assistance of this court in the construction of the third codicil of the said will."

The complainants' counsel contends that Mrs. Watkins acquired only a life estate, and the latter's counsel insists that his client is possessed of an estate in fee-simple. I must decline to determine the issue, on the ground that this court is without jurisdiction, for two reasons—*first,* because it presents purely a question of legal title to lands, which must be solved in the law courts—*Thropp* v. *Public Service Corporation, 93 Atl. Rep. 693*—and *second,* because the trustees do not present a case that entitled them to the guidance of the court, in the administration of their trust estate. They simply ask to be informed whether the devisee under ·the codicil owns the property devised absolutely, or only for life. They ask for no relief, and if I should venture an opinion as to the devisee's title, I fail to see what decree could be made binding upon the parties, or controlling upon the trustees in the discharge of· their fiduciary duties. In *Hoagland* v. *Cooper, 65 N. J. Eq. 407,* Chancellor Magie examined and settled the question of the jurisdiction of this court when called upon to construe wills. He says: "Mr. Pomeroy, indeed, declares that the doctrine in harmony with principle and sustained by the weight of authority in this country, is that the special equitable jurisdiction to construe wills is a mere incident of the general jurisdiction over trusts, and that a court of equity will never entertain a suit brought solely for the purpose of interpreting the provisions of a will without any further relief." The chancellor gives instances in which the jurisdiction may be invoked, and adds that "in no case has it been asserted that the court may be asked and compelled to construe a will except as incident to some relief which may be afforded by a decree. It has been expressly held that the court will not construe wills for the sake of giving counsel and advice to the parties, but only for the purpose of giving positive directions for the action of the trustee."

Upon the argument, I stated substantially the above views, but, as both counsel offered to submit to the jurisdiction and urged me to express an opinion and decree the status of the parties, I have given the matter further consideration, which only strengthens my previous conviction that, under the frame of this bill, the subject-matter is not properly before me and that the bill must be dismissed.

It may not be inappropriate to suggest to counsel that as Mrs. Watkins is in possession of the property, and claims to be the owner of the fee, she may be able to vindicate her title as against the claims of the remaindermen; or, that the trustees, claiming the remainder, may have determined their rights by a bill under the statute entitled "An act to compel the determination of claims to real estate in certain cases, and to quiet the title to the same" (*4 Comp. Stat. p. 5399*); and the further act entitled "An act to compel the determination of claims to estates in remainder in certain cases, and to quiet the title to the same." *4 Comp. Stat. p. 5404.*