The court is asked to interpret and construe the will of one Robert K. Matlock.
The will in part reads:
"I give, bequeath and devise all my estate, real and personal and wherever located, to said Bradway Matlock and the survivor of them, in trust, and for the purposes following. * * *
"And my representatives and survivor will make sale of all my real estate, save the homestead, at public or private sale, as soon after my decease as they or he may deem it advisable to my interests, together with my personal property; to mass my estate to invest the same in first mortgages on lands in this state or securities of the general government, and, after deducting commissions and charges for repairs, to pay over the whole net interest and profits in semiannual installments to my wife during her widowhood.
"After the intermarriage or death of my wife, my executors and trustees and the survivor of them, will sell, at public or private sale, the homestead and balance of personal property, add the proceeds thereof to the fund in their or his hands and pay over semiannually the net interest of said aggregate sum, share and share *Page 573 
alike, among all my children. They, the executors and trustees aforesaid, will take care to leave the whole or aggregate of my estate intact and unbroken. But in case either of my children shall die, leaving a child or children, then it is my will that the principal of the portion of said child of mine shall be withdrawn from said aggregate by my executors and trustees and survivor of them and be paid over by them, with the interest due thereon to said child or children or guardian or guardians thereof; and it is further my will, in case any of my said children shall die without child or children, that the principal of the portion set off or allotted to my said child shall return to and make part of the remaining whole of my estate, to be incorporated therewith and the interest thereof divided among my surviving children."
John H. Bradway and Leaming Matlock have died, and the complainant Robert K. Matlock was appointed by the orphans court of the county of Gloucester substituted trustee, and he has duly qualified.
The widow of the decedent died September 4th, 1907. A daughter Matlock died intestate and unmarried on May 30th, 1907, leaving her surviving her brothers and sisters. Leaming Matlock, a son, died April 28th, 1909, unmarried, leaving a will, which was duly probated, wherein he bequeathed and devised all his estate to his surviving brothers and sisters. It is conceded by all that the present duty of the trustee is to mass and invest the estate, and to pay "over semiannually the net interest * * * share and share alike, among all my children."
He has presently no other power or duties. He cannot divide thecorpus of the estate during the lifetime of the surviving child.
Using the words of Vice-Chancellor Howell in Kellogg v.Burnett, 74 N.J. Eq. 304:
"Having thus determined that the estate is not ripe for division the duty of the court ends. This court has no jurisdiction to entertain a bill for directions about the distribution until the time for distribution arrives. It cannot be compelled to construe a will except as incident to some relief which may be afforded by a final decree, nor can it be induced to give counsel and advice to the parties generally, but only for the purpose of giving positive directions for the *Page 574 
actions of the trustee." Citing Hoagland v. Cooper, 65 N.J. Eq. 407; Bevans v. Bevans, 69 N.J. Eq. 1.
This is also thoroughly discussed in Ogden v. McLane,73 N.J. Eq. 159.
The action of the court should be confined to instructions as to present duty, or the duty likely to arise under present conditions. Stewart v. Stewart, 61 N.J. Eq. 25.
The bill must therefore be held to have been prematurely filed, and must be dismissed, without costs.