D. Harry Chandler, now deceased, by the first clause of his last will and testament, devised and bequeathed his homestead *Page 68 
and its furnishings to his wife for life, and by the third clause gave to his executors, in trust, $90,000, to pay the interest thereof to his wife for life. By the fourth clause he devised to his sister, Mary Chandler, a house for life, and by the fifth clause he gave to his executors, in trust, $25,000, to pay her the interest thereof for life. By the seventh clause he provided:
"Seventh. I do give, devise and bequeath all the rest, residue and remainder of my estate of whatsoever kind or nature, or wheresoever situate, unto my children, Horace H. Chandler, E. May Chandler Brunyate, George W. Chandler, Florence Chandler Kennedy, Paul R. Chandler and H. Harry Chandler, Jr., in equal portions or shares, the child or children of any deceased child to have the share of his, her or their deceased parent; the distribution to my said children of my residuary estate, as herein directed, shall be effected as soon as may be done conveniently after the establishment of the trusts as provided for in the third and fifth clauses of this my will; and the distribution to my said children of the remainders after the life estates established by the first and fourth clauses of this my will; and the distribution to my said children of the principal of the trust funds established by the third and fifth clauses of this my will shall be effected as soon as may be done conveniently after the deaths of my said beloved wife and sister as each shall occur."
The testator's sister, Mary Chandler, died August 26th, 1925. Horace H. Chandler, testator's son, mentioned in the seventh clause, predeceased her, testate, leaving a widow and three children, infants, one posthumous. By his will he gave his estate to his widow. The executors say that they are in doubt as to what disposition to make of the remainder of the land devised for life to Mary Chandler by the fourth clause and of the trust fund of which she was beneficiary for life under the fifth clause. The complainants are entitled to the aid of the court only so far as necessary to guide them in the administration of the estate in their charge. Hoagland v. Cooper, 65 N.J. Eq. 407. They have no concern in the remainder of the real estate devised to Mary Chandler for life. That passed directly to the devisees under the will, and a decision as to who are the takers thereunder, the original or substituted devisees, would be of no binding force. The executors have power of sale, but they have not exercised it, *Page 69 
nor is it alleged that they intend to do so. If they sold at this time there would be no conversion, and the proceeds would pass as real estate. Meeker v. Forbes, 84 N.J. Eq. 271.
The remainder in the trust fund created by the fifth clause of the will passed under the seventh clause to the children of the testator living at the death of the life beneficiary — the period of distribution — and to the children of a deceased child, in this case to the children of the deceased son, Horace H. Chandler, living at that time. The latter take directly under the will in substitution of their deceased father. Redmond v.Gummere, 94 N.J. Eq. 216. The posthumous child is to be regarded as living at the period of distribution for the purpose of taking under the will. In re Haines' Will, 98 N.J. Eq. 628.
The substitution of the children of a deceased child as beneficiary related to the death of a child before the period of distribution and not death in the lifetime of the testator. The residuary estate vested in the testator's children at the death of the testator subject to being divested if any died before it was open to enjoyment. There would be no repugnance of construction of this clause, as suggested in one of the briefs, to hold that Horace H. Chandler was vested in possession of his share of the residuary estate exclusive of the remainder of the trust funds created for his mother and Mary Chandler for life, and not so vested of the residue of said funds. He took the former because as to it the period of distribution was the time of the death of the testator, while as to the latter it was the death of the life tenants. The intention of the testator as to which, the original beneficiary or the substitute, was to take, is to be gathered by applying language of the residuary clause to the dispositions made by the rest of the will.
The superadded words to the residuary clause, "the principal of the trust funds established by the third and fifth clauses of this my will shall be effected as soon as may be done conveniently after the deaths of my said beloved wife and sister as each shall occur," were merely directions to *Page 70 
speed the distribution, and were not intended to limit or vary the prior provision substituting beneficiaries.
The executors will be advised accordingly.
P.S. — The complainants, executors, have amended their bill, setting up that the land in which Mary Chandler had a life estate has been sold by them, and desire instructions as to the disposition of the proceeds.
The sale did not effect a conversion. The proceeds must be treated as realty. Meeker v. Forbes, 84 N.J. Eq. 271. Counsel are in agreement that Horace H. Chandler was divested of his estate in the real estate upon his death in the lifetime of the life tenant, and that his children took as devisees under the will. The proceeds must be paid to them.