PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Buchanan.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.  13.

*For reversal*—None.

OSIRIS D. MCCONNEL, executor, &c., respondent.

*v.*

KATHERINE N. STRYKER, appellant.

[Decided May 20th, 1929.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Buchanan, who filed the following opinion:

"The bill is filed by complainant as executor of the will of Steward K. Heitsman, deceased, who by his will and

codicil left certain bequests to the defendant Katherine Stryker and gave all the rest of his estate equally among two brothers (one of whom predeceased testator) and five nieces (including Miss Stryker). Subsequent to the making of the will and codicil testator turned over possession of $30,000 in liberty bonds to his niece, Miss Stryker. At his death she claimed them as her own, as having been given to her by testator.

"A perusal of the bill shows that its prayer is for the 'advice and direction' of the court as to whether the said bonds belong to the niece or to testator's estate. The appropriate and speedy way to determine that question would be by suit at law in replevin or trover. However, the suit has been completely tried, and at great length, by all parties, without any objection to the jurisdiction, on the theory of a determination as to whether there had been a valid gift of the bonds *inter vivos*. The bill can doubtless be sustained as a bill in the alternative, to compel an accounting or restoration of property by an agent or fiduciary (if there was no completed gift); or to set aside the gift (if made) as improvident or the result of fraud or undue influence. The pleadings should be appropriately amended before decree.

"Some of the testimony of Miss Stryker relative to conversations and transactions with complainant's testator was admitted at the hearing, subject to later determination as to its validity. The doubt at the hearing arose from the fact that the objection to this testimony was not made by the executor, but by counsel for the other legatees. The language of the statute however seems sufficiently broad to require the exclusion of such testimony, even in such case; and the testimony objected to in that behalf must be stricken out.

"The careful consideration which I have given to the evidence leads me to the conclusion that the testator did intend Miss Stryker to have the bonds in question; but that the evidence fails to show that he did in fact before his death make a completed gift to take effect immediately. Rather does the evidence show the contrary.

"By his answer B. Frank Heitsman admits the right of Miss Stryker to the bonds, and thereby waives claim or interest as to the share bequeathed to him by the will.

"The decree will direct the return by Miss Stryker to the complainant of the bonds and income accrued since testator's death, less the share which would have gone to B. Frank Heitsman.

"Under all the circumstances the costs of all parties should be paid by the estate."

*Mr. Osiris D. McConnell* and *Messrs. William C. Gebhardt & Son,* for the respondent.

*Messrs. Smith & Smith,* for the appellant.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Buchanan.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.

CONNIE J. DORRIAN et al., appellants,

*v.*

ROYDEN B. DAVIS et al., respondents.

[Decided May 20th, 1929.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Ingersoll, who filed the following opinion: