THERMOID RUBBER COMPANY, PLAINTIFF-RESPOND-
ENT, v. JONATHAN DIXON AND LOUIS E. MARRON,
DEFENDANTS-APPELLANTS.

Submitted May 26, 1933—Decided September 27, 1933.

For the appellants, *Warren Dixon, Jr.*

For the respondent, *Ellis L. Pierson.*

The opinion of the court was delivered by

DONGES, J. This appeal brings up an order of Chief Justice Brogan declining to vacate a levy made by the sheriff of Essex county on the interest of the defendant Jonathan Dixon in the estate of his grandfather, and likewise refusing to vacate an order of the Supreme Court made by Mr. Justice Trenchard appointing a receiver in aid of execution.

It appears that the plaintiff-respondent had a judgment against the defendant Dixon. Dixon had an interest in his grandfather's estate which had not at that time been distributed and was in the hands of Fidelity Union Trust Company as trustee. On May 28th, 1932, the deputy sheriff of Essex county served on the trust company a copy of a writ of execution, and likewise levied on the interest of the defendant Dixon in the estate of Jonathan Dixon, deceased, and likewise attached the rights and credits, moneys, effects, goods, chattels, lands and tenements of the defendant Dixon, and particularly all his right, title and interest of, in and to the interest of defendant in the estate of his grandfather. It is asserted that the writ is not sufficient because the act of 1915, being a supplement to the Execution act, provides that rights and credits may be levied upon, and that such rights and credits are such as may be attached by writ of attachment against non-resident debtors, and that they shall be levied upon and taken in the manner in which property is attached under writs of attachment against non-resident debtors. 1 *Comp. Stat.*, p. 137.

The first point urged for reversal is that the levy is void because it does not inventory any property. As stated, the

levy was made on May 28th, 1932, and so far as the record shows, at that time the interest of the defendant Dixon was not set off, so that he could lay claim to any particular securities or property. By decree of the court of chancery, dated June 7th, 1932, the trustee was directed to make partial distribution of the estate and thereupon set off as the property of Dixon certain stocks and bonds, and a small amount of cash. By assignment dated July 23d, 1932, Dixon assigned all his right, title and interest to the stocks, bonds and cash to the appellant Louis E. Marron, who asserts that his assignment is prior to the levy under the execution because of the insufficiency of the return of the levy.

The reason asserted for vacating the order appointing the receiver is that by reason of the invalidity of the levy, there is no property for the receiver to take over, and therefore the appointment is ill-advised.

From the record it appears that the return is all that could be made by the sheriff at the time because, there being no specific property allocated to this defendant which could be said to be his as against other distributees of the estate, nothing but the rights and credits of Dixon could be attached or levied upon. The statute provides that rights and credits may be levied upon, and in the instant case the rights and credits arose out of his interest in his grandfather's estate, and this is what the sheriff levied upon. This view has support in the case of *Cord* v. *Newlin,* 71 *N. J. L.* 438, an opinion by the late Mr. Justice Dixon. The return shows a compliance with the statutory requirements.

If the levy is sufficient, then obviously the attack upon the appointment of the receiver is without merit.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 13.

*For reversal*—None.