The complainants prosecute this cause as surviving executors and trustees under the last will and testament of Robert C. Taylor, deceased. They pray a construction of their decedent's will, a declaration of their rights and duties thereunder, "and that the defendants and each of them may be enjoined and restrained from proceeding with any suit heretofore brought and from bringing any further suit to have the questions here involved presented to a court of law."
The testator, by the sixth paragraph of his will, established a trust of the residue of his estate for the benefit of his wife, Martha E. Taylor, for her life, of his daughter, Myrtle E. *Page 344 
Toone, for her life, of his grandchildren Barbara E. Toone and H. Grant Toone, Jr., and of "each and every one of the children" of Myrtle E. Toone, living at the time of "the death of the survivor" of Martha E. Taylor and Myrtle E. Toone, and of others. Martha E. Taylor is deceased; Myrtle E. Toone, Barbara E. Toone and H. Grant Toone, Jr., are living.
In said paragraph of his will, the testator directed the trustees of his residuary trust to keep the trust res invested and, in the case of Myrtle E. Toone, to pay to her during her life, certain stipulated annual sums of money in equal quarterly payments. The will contains no "spendthrift clause," and no charitable trust was created.
May 22d 1947, the defendant John Wanamaker Philadelphia, recovered judgment in the New Jersey Supreme Court against Myrtle E. Toone by the name Myrtle E.T. Toone, and thereupon caused an execution to be issued and a levy to be made by the sheriff of Camden County upon "all the right, title and interest of Myrtle E.T. Toone in and to the Estate of Robert C. Taylor, deceased in the hands of Camden Trust Company, Executor and Trustee." July 8th, 1947, said sheriff made a second levy upon "all the right, title and interest of Myrtle E.T. Toone in and to the Estate of Robert C. Taylor, deceased, in the hands of Howard G. Toone, one of the Executors and Trustees under the Last Will and Testament of Robert C. Taylor, deceased."
July 1st, 1947, a rule to show cause under R.S. 2:26-179 was allowed by the Honorable Ralph W.E. Donges, a Justice of the Supreme Court of New Jersey, directing "Myrtle E.T. Toone and the complainants to show cause before said court why the complainants should not pay to the sheriff of the County of Camden, a sum to an amount not exceeding the sum sufficient to satisfy the execution which was issued by the said New Jersey Supreme Court and by virtue of which the levies mentioned heretofore were made, as same becomes due and payable under and by virtue of the Last Will and Testament of Robert C. Taylor, deceased, to the said Myrtle E.T. Toone." The rule was duly served; its return day was September 9th, 1947. This cause was instituted July *Page 345 
18th, 1947. No restraint upon the proceeding at law has, of course, been here allowed; however, no hearing has been had on the rule to show cause.
A decree pro confesso was taken herein against the defendant H. Grant Toone. The answer of Myrtle E.T. Toone and Barbara E. Toone asserts, by way of a separate defense, that moneys due or to become due to the defendant Myrtle E.T. Toone, under the decedent's will, are not subject to levy or attachment, and that the levies made were invalid. The answer of the defendant John Wanamaker Philadelphia, by way of separate defense, alleges "the Supreme Court is the proper tribunal to dispose of the rights of this defendant, and the said Myrtle E.T. Toone, the judgment debtor."
Equity respects the rights and proceedings of co-ordinate tribunals and is always reluctant to interfere with an action at law. Van Name v. Federal Deposit Insurance Co., 130 N.J. Eq. 433; 23 Atl. Rep. 2d 261; affirmed, 132 N.J. Eq. 302;28 Atl. Rep. 2d 210; Long Dock Co. v. Bentley, 37 N.J. Eq. 15;
affirmed, Ibid. 330; Teas v. Third National Bank andTrust Co. (Court of Errors and Appeals), 125 N.J. Eq. 224;4 Atl. Rep. 2d 64; New York Life Insurance Co. v. Stein
(Court of Errors and Appeals), 126 N.J. Eq. 259; 8 Atl. Rep.
2d 555. There is another "rule, essential to the orderly administration of justice, that as between courts otherwise equally entitled to entertain jurisdiction, that court which first obtains possession of the controversy ought to be allowed to proceed and dispose of it without interference, a rule established, of course, primarily for the benefit of the suitor, rather than for the protection of the dignity of the court."Bigelow v. Old Dominion Copper Mining, c., Co. (Court ofChancery), 74 N.J. Eq. 457, 474; 71 Atl. Rep. 453.
Why did the complainants resort to this court? In their bill they answer that question thus: "Serious questions have arisen as to whether the aforesaid levy upon an equitable estate such as this has any force or effect, and as to the duties of the complainants in making payments and to whom, whenever corpus or income payments become due under said trust." Had hearing been had on the rule to show cause last September, *Page 346 
complainants would, in all probability, already have had a decision of the Supreme Court upon the legal question they propound. Unquestionably that court has jurisdiction, and the power to render such a decision. If, as the complainants suggest, it is their desire to secure a direct decision of our court of last resort upon the question agitated, they could now be prosecuting an appeal to that court if the decision of the Supreme Court was contrary to their conception of the law. There may be had in the present instance, I am certain, adequate relief at law.
The complainants so framed their bill as to suggest that the primary object of this proceeding was to obtain a construction of the decedent's will. But no true question of construction has been posed or argued; the only uncertainty projected by complainants' bill or argued in their brief, is the legal question hereinbefore stated. That is not a novel question to the courts of law or of equity. A few of the pertinent decisions are:Bogart v. Perry, 1 Johns. Ch. 56, 57, where, incidentally, Chancellor Kent remarked of an equitable estate, that an execution on a judgment at law "will not pass an interest which a court of law cannot protect and enforce." Disborough v.Outcalt (Court of Chancery, 1831), 1 N.J. Eq. 298; Johnson
v. Woodruff (Court of Chancery, 1849), 8 N.J. Eq. 120;
affirmed (Court of Errors and Appeals, 1851), 8 N.J. Eq. 729;Baumann v. Ballantine (Supreme Court, 1908),76 N.J. Law 91; 68 Atl. Rep. 1114; Thermoid Rubber Co. v. Dixon (Court ofErrors and Appeals, 1933), 111 N.J. Law 355; 168 Atl. Rep. 646;Cowan v. Storms (Supreme Court, 1938), 121 N.J. Law 336;2 Atl. Rep. 2d 183; Hardenburgh v. Blair (Court of Errorsand Appeals, 1879), 30 N.J. Eq. 645; Trusdell v. Lehman
(Court of Chancery, 1890), 47 N.J. Eq. 218; 20 Atl. Rep. 391;Harcum v. Greene (Supreme Court, 1933), 111 N.J. Law 129;166 Atl. Rep. 717; Appleby v. Appleby (Court of Chancery,1946), 139 N.J. Eq. 73; 50 Atl. Rep. 2d 885.
In their brief, the complainants, after posing their legal question, ask: "* * * and incidentally what are the rights and duties of the trustees in the situation here presented." *Page 347 
In the early and leading case of Baxter v. Baxter, 43 N.J. Eq. 82; 10 Atl. Rep. 814; affirmed on opinion below, 44 N.J. Eq. 298; 18 Atl. Rep. 80, Vice-Chancellor Van Fleet declared: "Where there is neither doubt, nor uncertainty as to the meaning of a will, there is nothing for the court to do. * * * While it is the undoubted right of executors, and other persons charged with fiduciary duties, to ask the direction and aid of this court in cases where their duties or rights are involved in doubt, and to have any reasonable expense thus incurred charged against the trust property in their hands * * * it is also settled, that this court will not give such persons aid or direction when they do not need it — in cases where their duty is plain and their rights are clear, and that if they seek assistance in cases where there is neither necessity nor propriety in asking it, they will not be allowed to charge the expense thus incurred against the trust property."
In Goetz v. Sickel, 71 N.J. Eq. 317; 63 Atl. Rep. 1116,
Chancellor Magie referred with approval to a statement of Chancellor Walworth in Bowers v. Smith, 10 Paige 193, that the decision of legal questions arising on the construction of a will belongs exclusively to courts of law, except where such questions arise incidentally in the Court of Chancery, and where that court has obtained jurisdiction of the case for some other purpose. Some other reported decisions are: Torrey v. Torrey,55 N.J. Eq. 410; 36 Atl. Rep. 1084; Hoagland v. Cooper, 65 N.J. Eq. 407; 56 Atl. Rep. 705; Berans v. Berans, 69 N.J. Eq. 1;59 Atl. Rep. 896; Brown v. Brown, 72 N.J. Eq. 667;65 Atl. Rep. 739; Kellogg v. Burnett, 74 N.J. Eq. 304; 69 Atl. Rep. 196;Hoe v. Hoe, 84 N.J. Eq. 401; 93 Atl. Rep. 882; Matlock v.Matlock, 98 N.J. Eq. 572; 131 Atl. Rep. 212; Brunyate v.Chandler, 99 N.J. Eq. 67; 132 Atl. Rep. 517; McConnel v.Stryker, 104 N.J. Eq. 610; 147 Atl. Rep. 44; Holden v. Morgan,115 N.J. Eq. 59; 169 Atl. Rep. 546; March v. Norristown PennTrust Co. (Court of Errors and Appeals), 123 N.J. Eq. 282;197 Atl. Rep. 276.
For the reasons assigned, I shall advise that complainants' bill be dismissed. *Page 348