SHEPHERD'S EXECUTRIX *vs.* McCLAIN and MURRAY.*

1. In a suit by an executrix in her representative capacity, the defendant cannot testify for himself, unless the complainant has first been sworn on her own behalf.

2. A person who, with the funds of the mortgagor, and as his agent, has paid off a mortgage, cannot keep the security alive by having it assigned to himself. And a purchaser from the mortgagor can defend a suit to foreclose it, without the mortgagor being made a party.

3. Equity has not adopted the rule at law, that when a plaintiff sues in a representative capacity, and fails, no costs shall be awarded against him.

---

* CITED *in Walker* v. *Hill's Ex'rs*, 7 *C. E. Gr.* 516 ; *Wycoff* v. *Combs*, 1 *Stew.* 42 ; *Hartman* v. *Alden*, 5 *Vr.* 523 ; *Mulford* v. *Peterson*, 6 *Vr.* 135.

But where the suit is brought in bad faith by the complainant, he will be ordered to pay the costs out of his own estate ; and when brought upon an instrument obtained by the decedent by a breach of faith, costs will be ordered to be paid out of the estate of the testator.

The bill in this cause was filed by Elizabeth Shepherd, executrix of Joseph Shepherd, to foreclose a mortgage for $500, dated September 17th, 1847, alleged to have been given by one Jonathan McClain to one William Henry Grant. It alleges that, on or about the 13th day of December, 1847, the said Jonathan McClain conveyed all his right, title, and interest in the mortgaged premises to one Douglass McClain ; and that said Douglass McClain, on or about the 28th day of March, 1859, conveyed all his right, title, and interest in the same to one William A. McClain. It further alleges that, on the 30th day of March, 1850, the said Grant assigned the said bond and mortgage to one William Haight, executor of Charles Haight, deceased, his executors, administrators, or assigns, subject to the equity of redemption of the said Jonathan McClain, in the mortgage aforesaid ; and that the said bond and mortgage were, by the said Haight, afterwards assigned to one Matthew McDowell, subject to the said equity of redemption ; and by the said McDowell assigned to one Thomas Stout ; and by the said Stout to one Stephen J. Crawford ; and by the said Crawford to Joseph Shepherd, complainant's testator ; all subject to the said equity of redemption of the said Jonathan McClain.

It sets out that a judgment was recovered by one William W. Murray, against the said William A. McClain and one Peter C. Smock, for $223.48, but charges it, if a lien at all upon said premises, to be subsequent to Shepherd's mortgage. It sets out the execution of a will by the said Shepherd, and his subsequent death ; the proof of the said will by the said executrix, and her assumption of the burthen of its execution. It charges that no part of the principal of the said bond has been paid, but that the same, together with interest thereon, is now due to the said executrix.

The defendant, William A. McClain, by his answer, admits that the conveyance to him of the said premises, was subsequent to the mortgage aforesaid, but denies that that conveyance was made to him with full knowledge thereof, either on the part of Douglass McClain, or of the said defendant. He alleges that, at and before Douglass McClain executed the deed to him, the said mortgage was paid off and satisfied by the said Douglass in full, and that such satisfaction and payment were known to the said Joseph Shepherd, at the time of the execution of said deed to defendant. He further alleges that the said Douglass McClain disappeared on or about the first day of March, 1859, and that nothing could be ascertained with regard to him, though diligent inquiry and search was instituted and made for him, and that supposing him to be dead, the said Joseph Shepherd and Deborah P. McClain, widow of said Douglass, took out letters of administration upon his estate; that the said Shepherd alone took an active part in the administration of the estate, and had the charge and management of all receipts and disbursements, and that while acting as such administrator, and possessed of a considerable amount of funds belonging to the estate, and with a part of said funds, the said Shepherd paid off the mortgage hereinbefore mentioned, and took an assignment of it to himself. His executrix now seeks a decree of foreclosure upon this mortgage.

The cause was argued upon final hearing, upon the bill, answer, and proofs.

*Mr. W. H. Vredenburgh,* for complainant.

*Mr. R. Allen, jun.,* for defendants.

THE CHANCELLOR.

The only question in this case is one of fact. If Joseph Shepherd in his lifetime, paid off the mortgage on which a decree of foreclosure is sought in this suit, with the money of Douglass McClain in his hands, then the mortgage was

extinguished, and his taking an assignment of it could not keep it alive or prevent parol evidence being given of the fact that he paid it with money of Douglass McClain. In considering the evidence, I lay out of question the testimony of the defendant, William A. McClain. The act admitting parties to be sworn, clearly excepts the case where either party sues, or is sued, in a representative capacity; and the supplement of 1866 only permits parties to be sworn in cases where such representative has so elected by being sworn. The complainant has not so elected.

But laying out of question the evidence of the defendant, the proof is full and clear, and without contradiction, that this mortgage was paid off by Joseph Shepherd with money of Douglass McClain, collected for the purpose. If this is so, nothing that he could do would ever revive the mortgage or make it a valid security in his hands. He intended to pay it off, and represented to Douglass McClain, at the giving of the deed to his son, that it was paid off, and did not object when he was requested to cancel it. The deed covenanted that the property was free from encumbrances. He prepared this deed and stood by when it was executed, and laying out of question the doctrine of estoppel, this is not to be reconciled with the fact that he held the mortgage as an existing encumbrance.

It is not necessary, under these circumstances, that there should be an account between the complainant and Douglass McClain, or that the latter should be a party to this suit.

In this court, costs, by the statute, are in the discretion of the court. In general, that discretion is exercised according to rules that have been fixed by practice. Courts of law, by statute, *cannot* award costs against executors or administrators when plaintiffs, but *must*, if they are unsuccessful defendants. Courts of equity are not within that statute, and have not adopted it in practice. 2 *Daniell's Ch. Pr.* (3d *Amer. ed.*) 1462.

It is an arbitrary rule, and if this court adopt it, it cannot award costs as the act regulating their practice requires,

according to its discretion. The mortgage was retained by Shepherd in bad faith, contrary to his duty and his promise to have it canceled on record. If his executrix was misled by finding it among his papers, his estate, not the defendant, should pay the costs. If the complainant, in bad faith, or negligently, when inquiry would have informed her, brought this suit, she ought to be ordered to pay the costs herself. *Roosvelt* v. *Ellithorp*, 10 *Paige* 415.

On this point I have had some doubts, but on the whole, will award them out of the estate, and not to be paid by the complainant personally.

The bill must be dismissed with costs out of the estate of complainant's testator.