MARY L. GITHENS, administratrix of the estate of George M. Githens, deceased, complainant-respondent,

*v*.

THE ATLANTIC SAFE DEPOSIT AND TRUST COMPANY, executor of Albert M. Jordan, defendant-appellant.

[Decided March 5th, 1923.]

1. The court of chancery will not interfere with the ordinary jurisdiction of probate courts in the settlement of the accounts of executors and administrators. *Filley* v. *Van Dyke, 75 N. J. Eq. 571,* approved and followed.

2. Where a claimant attempts by a bill in equity to enforce a claim for deficiency resulting from the foreclosure of a mortgage, the payment of which was guaranteed by the defendant's testator, which claim was not presented under oath to the defendant's executor until after the time named in the rule barring creditors had expired, and where suit was brought on the deficiency claim against the executor, and on plea of the bar of the statute, was discontinued, the bill should be dismissed, as the legal status of the suit was destroyed by the discontinuance of the action, and also because the complainant has ample remedy under *3 Comp. Stat. p. 3836.*

On appeal from a decree advised by Vice-Chancellor Leaming.

*Mr. William M. Clevenger,* for the appellant.

No appearance for the respondent.

The opinion of the court was delivered by

KALISCH, J.

The sole question which this appeal presents for decision is whether the complainant's bill of complaint should have been dismissed, for the reason that there were no circumstances to show special cause for the interference of the court

below under the well-settled rule that a "court of chancery will not interfere with the ordinary jurisdiction of the probate courts in the settlement of the accounts of executors and administrators." *Filley* v. *Van Dyke, 75 N. J. Eq. 571.*

The controversy in this case arises out of an attempt by the complainant through the aid of the court of chancery to enforce a deficiency claim of $5,119.78, growing out of the foreclosure of a mortgage against the estate of deceased guarantor of the mortgage, after an order was entered in the orphans court barring creditors.

The grounds of the complainant's bill upon which relief was sought in the court below, in substance, are these: The defendant's intestate had guaranteed the payment of principal and interest of a certain bond and mortgage of which the complainant held title, as administratrix of her husband; that on June 21st, 1917, the principal debt with accrued interest being due and payable, the complainant gave notice to the defendant executor that she intended to enforce the payment of the mortgage by foreclosure proceedings and that she intended to hold the estate liable for any deficiency which might result at said sale; that on August 25th, 1917, there was entered in the orphans court a final decree barring all creditors whose claims were unpresented; that on May 1st, 1918, after a sale under the mortgage there was a deficiency of $5,119.78; because liability was contingent upon there being a deficiency, the latter was unascertainable till a sale was had; that she presented no claim or demand for the debt verified, as required by the statute, till November 16th, 1917, long after the order barring creditors was entered; that the defendant pleaded the bar of the statute, and that the action was discontinued; that, although more than one year has elapsed, the executor has failed to make a final settlement of its account as such executor touching the value and character of the assets of the estate and that the estate is solvent, and upon the settlement thereof there will remain in the hands of the executor for distribution a considerable surplus, more than sufficient in amount to satisfy in full all creditors of the intestate, whose debts and claims are barred

by the decree of August 25th, 1917, and to which surplus she is entitled a ratable proportion, &c., and, being without adequate remedy at law, she prays for a discovery by the defendant of the assets of the estate, its nature, character and value, and the creditors whose claims were presented prior to August 25th, 1917; that the defendant settle its accounts as executor, &c.

As to the averment in the bill that there was unnecessary delay in the settlement of the estate, the learned vice-chancellor found adversely to the complainant. He further found that evidence failed to disclose the existence of assets, the nature of which required the aid of a court of equity to reach them, or "the existence of any circumstances rendering the settlement of the estate inappropriate in the court where that settlement is being made," and that there was nothing appearing to render the further settlement of the estate in a court of equity, either appropriate or advantageous. He further found that the condition of the estate was fully disclosed, "including all assets and liabilities." He concludes, that because it is impossible to determine with certainty whether the estate is solvent the bill should be held open, in anticipation of something occurring in the future which might need the intervention of a court of equity.

We think the bill should have been dismissed. In the first place, it is difficult to comprehend upon what equitable principle the complainant was entitled to invoke the aid of the court of chancery. By her own showing she had no legal status, for the reason that she destroyed it, by discontinuing her action against the executor, the legal effect of which was to render her claim as one unpresented. She was therefore in no legal position to question the action of the executor in failing to file an account, or to inquire as to the assets of the estate, or as to its solvency, with any or all of which matters she could not be concerned, unless she had an active claim presented against the estate. This she, undisputably, did not have. She presented no claim under sections 72, 73 or 74 of the Orphans Court act. *3 Comp. Stat. p. 3836.*

Moreover, the complainant has a complete remedy under these sections, the provisions of which are ample to provide for the liquidation of a claim which is presented after a decree barring creditors.

The decree will be reversed, to the end that the bill should be dismissed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, KATZENBACH, GARDNER, VAN BUSKIRK—10.