The bill is to compel an executor to account. The motion is to strike the bill on the ground that an accounting may be had in the orphans court.
The bill discloses this state of facts: John Seipel died April 27th, 1928, leaving a last will and testament, bequeathing his estate to his daughter, Kathryn Haas, and appointing Linton S. Marshall his executor. The will was admitted to probate by the surrogate of Mercer county and the executor duly qualified. A decree barring creditors was made by the *Page 446 
surrogate, November 10th, 1928. The executor has filed neither inventory nor account of the estate. The complainant, a daughter of the testator, in her individual capacity, presented a claim, under oath, to the executor, in due time, for board, lodging and other services rendered to her father, for which he agreed to compensate her in his will. The claim being disputed, she brought an action in the supreme court against the executor, and while the cause was pending before the trial judge, without a jury, it appeared to her that she could not recover in her own right because the board, lodging and services to her father were rendered in her husband's household while she was a member of his family, and thereupon she had herself appointed administratrix of her husband's estate, and in July, 1932, served upon the executor an amended proof of claim in her capacity as administratrix. Presumably the pleadings were accordingly amended from an individual to a representative cause of action, for the trial judge awarded a verdict in her favor as administratrix for $1,725.75 and costs, and in doing so, apparently overruled the defense that the claim of the administratrix, although served four years after the decree barring creditors, was not barred by the decree. An appeal was taken to the court of errors and appeals and is now pending.
The complainant's plight, as counsel explains, is: That if the court of appeals should not agree with the trial judge, that the supreme court has the power to substitute causes of action, or should be of the opinion that the judge erred in holding the surrogate's decree barring creditors was not a bar to the claim afterwards filed by the administratrix, her right of action as administratrix will be barred by the six-year statute of limitation, which will soon expire. The bill seemingly is to forestall the statute and to establish the claim in this court and to enforce it against the assets of the estate, of which she seeks an accounting.
The orphans court has concurrent jurisdiction with chancery over executors' accounts, and unless the bill shows some special reason for entertaining jurisdiction, equity will not interfere with the simple and orderly procedure of the orphans *Page 447 
court for winding up estate. Chancery, of course, has jurisdiction of the subject-matter, but refrains from exercising it where the same remedy is available and adequate in the orphans court. Filley v. Van Dyke, 75 N.J. Eq. 571.
The complainant's status as a creditor of the estate must be regarded as established by the judgment in the supreme court. The judgment is conclusive until reversed. Handwerk v. Guttenberg,92 N.J. Law 181. Nothing is disclosed by the bill that interferes with the complainant, as a judgment creditor, to invoke the jurisdiction of the orphans court, requiring the executor to file his account.
Treating the bill as one correctly anticipating that the court of appeals will reverse the judgment of the supreme court, and assuming that that will come to pass, the complainant as administratrix will then be in the position of having presented her claim to the executor after the decree barring creditors and her remedy will be in the orphans court under sections 72, 73 and 74 of the Orphans Court act (3 Comp. Stat., p. 3836), which provides for just such contingencies. Githens v. Atlantic SafeDeposit and Trust Co., 94 N.J. Eq. 455.
The anxiety of the complainant, which we do not share, that the statute of limitation will run against her, notwithstanding the service of her claim upon the executor, unless the bill be maintained, is not an equity upon which to rest an appeal to this court for an accounting.
The bill will be dismissed. *Page 448