The complainant-administratrix filed a bill against the defendant-executor, to establish the debt of her intestate, and to fasten it upon the assets of the estate of the defendant's testator, and for an accounting of the assets. The bill was dismissed on the ground that the complainant had an adequate remedy in the orphans court. Miller v. Marshall, 115 N.J. Eq. 445.
The defendant moves for costs and a counsel fee.
The right to costs against a litigant must be found in the statutes. Awarding of costs in equity rests in sound discretion. Section 84, Chancery act. Counsel fees to the party "obtaining the order or decree," under section 91 of the Chancery act, or to an unsuccessful party, under the statute of 1915 (Cum. Supp.Comp. Stat. p. 271) are augmented costs and discretionary.
At law, under section 229 of the Practice act (Comp. Stat. p.4123) executors or administrators are exempt from the payment of costs when the prosecution is "in the right of their testators or intestate," and the reason for it is as stated by Chief-Justice Hornblower in Norcross v. Boulton, 16 N.J. Law 310: "Because they cannot be presumed to be fully acquainted with the transactions of their testators or intestates; and to know their respective rights and duties. Consequently when an executor in good faith prosecutes an action, which he has `in the right of his testator;' that is, an action which accrued to his testator, in his lifetime, and is transferred to him as executor; or, which is founded on or grows out of a contract made with the testator, or an injury done to him in his lifetime; and fails in such action, he shall not pay costs." Chancellor Kent, in Getman v.Beardsley, 2 Johns. Ch. 274, puts it more abruptly, that "they [executors and administrators] are not supposed to know as plaintiffs the imbecility of their own suit."
The reason for exempting executors and administrators *Page 547 
from costs at law will, as a rule, persuade the equitable discretion in their favor in appropriate actions asserting rights which accrued to their deceased. But where, as here, the administratrix sought relief in this court when she had an adequate remedy in the orphans court, the reason does not exist. She was unsuccessful, not because of any infirmity in her intestate's cause for action, but because of her erroneous selection of the jurisdiction in which to enforce the cause for action. She must suffer the cost for her own faults. Norcross
v. Boulton, supra; Walton v. Taylor, 78 N.J. Eq. 266.