The bill sets up that the complainant's testator, Winfield Runion, held a $2,000 mortgage on the defendant's home; that he was aged and infirm and while in the care and under the ministration of the defendant, the mortgage was canceled of record by the fraudulent procurement of the defendant. The bill was dismissed. The defendant now moves for a counsel fee and costs. *Page 609 
Although the defendant prevailed, the peculiar circumstances of the case called upon the executors to bring suit to compel a discovery and to restore the mortgage if all was not right. They should not be held in costs.
Costs in equity are discretionary. Where an executor, for the protection of the estate, in good faith, sues to recover upon a cause of action which accrued to his testator, and prosecutes with propriety, he will not, without more, be charged with the costs if he fails to recover. The reason for the rule at law exempting executors from costs, i.e., because they cannot be supposed to know the infirmity of their testator's cause, has a strong appeal to equity's discretion in absolving them from the payment of costs.
Within the reason and the limitations, costs are not allowed against trustees, who in good faith unsuccessfully defend a trust estate. Peer v. Peer, 11 N.J. Eq. 432; Reeves v. White,84 N.J. Eq. 661. Miller v. Marshall, 115 N.J. Eq. 445, is not at variance. There the reason was absent. The administratrix sued in equity to recover in right of her intestate and was dismissed because she had an adequate remedy in the orphans court. She selected the wrong forum; it was her mistake, and as she was responsible for the infirmity of her bill, costs were allowed. InWilbur v. Jones, 80 N.J. Eq. 520, costs were refused against an unsuccessful executrix who foreclosed a mortgage absolute on its face when it was intended for collateral security, due, as the court says, to the indifference of the defendant who could have protected himself by insisting upon a proper recital in the mortgage, and that, "not having done so, and the mortgage coming to the executrix of the mortgagee after his death, who, the executrix, knowing nothing about the original transaction, was justified in filing a bill to foreclose the mortgage, and should not be subjected to the payment of costs as the mortgagor succeeds only upon an affirmative defense." In Shepherd's Ex'r
v. McClain, 18 N.J. Eq. 128, costs were given against a complainant-executrix because of the testator's inequitable conduct and her own delinquency. In Walton v. Taylor, 78 N.J. Eq. 266,
costs were upheld against an executor-defendant *Page 610 
for vexatious conduct in the progress of the cause. In White andCook, Exrs., v. Woodruff (unreported, Docket 44, page 452), the executors successfully sued to set aside mortgages given to the defendants by the deceased. The recovery was upon terms that the defendants be compensated for their services in an amount equal to the mortgages. Costs were allowed the defendants; they having earned the mortgages which they could not retain as gifts, it was deemed an inequitable effort upon the part of the executors to deprive them of compensation, which they were called upon to defend. In McConnel v. Stryker, 104 N.J. Eq. 610,
costs were awarded against the executor evidently because like in the White and Cook Case the defendant was put to the trouble and expense of sustaining her wages as the price of the gift which was set aside.
In the present case the defendant is not an offended suitor. The mortgage was canceled shortly after she, in kindness, took the decedent in her care. The gift of the mortgage was no doubt in grateful appreciation of past attentions as well as in the hope and expectation that they would continue indefinitely. Though the amount of the gift was wholly irreconcilable with reasonable compensation for past services according to her own estimate, she not only sought to sustain the gift of the canceled mortgage as compensation for services before, but also brought suit at law for services afterwards. To retain the gift and to sue for the services seems overreaching, and the executors were driven to their bill in sheer self-defense. Further, the executors' offer at the hearing to quit if the law suit were dropped was declined, but at the close of the case the defendant agreed to submit the issue at law upon the evidence then before the court and it was adjudged against her. Her selfish attitude is a cumulative reason for not allowing her counsel fee and costs. *Page 611